## Case No. 13,863.

### THATCHER v. WINSLOW.

[5 Mason, 58.] [1]

Circuit Court, D. Rhode Island. June Term, 1828.

#### PARTIES—NEGOTIABLE PAPER—AGENT.

1. An agent, to whom a negotiable note has been indorsed by his principal for the benefit of the latter, and who has no interest in the note, cannot sue as indorsee upon the note.

[Cited in Welles v. Newberry, Case No. 17,-378; Bank of Newbury v. Baldwin, Id. 892.]

[Disapproved in Colburn v. Phillips, 79 Mass. (13 Gray) 68. Cited in French v. Price, 24 Pick. 24.]

2. No person can sue as indorsee, unless he be the owner of the note or has some legal or equitable interest therein.

[Cited in Mattocks v. Baker, 2 Fed. 459.]

Assumpsit on certain notes made by Lewis Rousmaniere, payable to the defendant [Andrew Winslow], or his order, at the Merchants Bank in Newport. The declaration contained various counts against the defendant, as indorsee, in favour of the plaintiff [David Thatcher] as indorser. Plea, the general issue.

At the trial, the defence turned principally upon the point of forgery of the defendant's name, as indorser, by Rousmaniere. Another point was made, viz. that the plaintiff was not the owner of the notes in question, but that they belonged to the Merchants Bank at Newport, by which bank they were originally discounted; and that the notes, since the death of Rousmaniere (who committed suicide), had

[1] [Reported by William P. Mason, Esq.]

been delivered to the plaintiff by the Merchants Bank for the purpose of suing the same in his own name in the circuit court; and that plaintiff had no interest whatsoever therein. A witness, called for the plaintiff, upon his cross examination, fully established the latter point.

STORY, Circuit Justice. If the facts stated by the witness on this last point are not denied, I think the cause is at an end. Unless the plaintiff is a real holder of the note, and has some interest in it, he cannot maintain an action as indorsee against the defendant. Here the proof is, that the Merchants Bank is the real holder, and the plaintiff is merely an agent for the bank. I take it not to be competent for a mere agent to maintain an action on a negotiable note in his hands, although it be with the consent of his principal. He must be the owner of the note, or have some substantial interest therein. Prima facie indeed the possession of such a note is evidence of the party's being a holder for a valuable consideration, and unless the note has been previously stolen, or received by him under suspicious circumstances, he is not bound to prove by other evidence, that he is such a bona fide holder. But if it is admitted or proved aliunde, that he is but a mere agent, and holds the note as such, he is not competent to recover a judgment upon it in his own name. See Gunn v. Cantine, 10 Johns. 387; Gilmore v. Pope, 5 Mass. 491.

The plaintiff discontinued his suit.