Jennings *vs.* Cummings & Mason.

JENNINGS *VS.* CUMMINGS & MASON.

1. A demurrer is rightfully sustained to a plea, that plaintiff is not the owner of the note sued on, if such plea be not verified by the affidavit of defendant.

2. Where there are several pleas, and the entry of judgment speaks of the "issue joined," the court will intend, that all the issues were submitted to the jury.

Error to Tuscaloosa Circuit court.

Assumpsit, tried by *P. Martin*, J.

On the ninth of March, eighteen hundred and thirty-eight, the defendants in error brought an action by petition and summons, against the plaintiff, in the Circuit court of Tuscaloosa, on a promissory note, as follows:

"Six months after date, I promise to pay Geo. Davis, or order, eighty-four dollars, payable and negotiable in the Bank of the State of Alabama, for value received.— Tuscaloosa, August the 25th, 1836.

"Wm. Jennings."

On which note is the following endorsement:

"Pay the within to Cummings & Mason. 26th Aug. 1836.                                          G. Davis."

We find in the record an agreement and entry, made at the first trial term in the Circuit court, in these words:

"It is consented, that a trial on the merits take place at the present term; and defendant pleads in short, by consent, that plaintiffs had no interest or ownership in the cause of action sued upon at the time of suit brought; 2. payment; 3. set-off.                Porter, def't's att'y."

Whereupon, the plaintiffs demurred "in short to the plea of no interest or ownership in the cause of action." To the pleas of payment and set-off, there was "replications and issue joined.      Crabb, for pl'ffs."

To the first plea, the demurrer was sustained. The issues on the second and third pleas were submitted to the jury, who returned a verdict in favor of the defendants in error, on which a judgment was rendered; from which the plaintiff prosecutes a writ of error to this court, and insists upon its reversal—

1. Because the demurrer to the first plea should have been overruled;

2. Because it does not appear on what issue the jury found their verdict.

*Porter*, for plaintiff in error.
*Crabb*, contra.

COLLIER, C. J.—1. The precise question raised by the demurrer of the plaintiff in error, was brought to the view of the court in Beal & Bennett vs. Snedicor, (Jan. term, 1839.) In that case, the defendants in the Circuit court pleaded that the plaintiff (who sued as the endorsee of a promissory note,) "was not the owner of the note sued on, or any part thereof, at the time of the commencement of the action, but the same was then, and still is the property of Messrs. Brewster, Solomon & Co.," the payees. To this plea, the plaintiffs demurred, and the demurrer being sustained by the Circuit court, the case came here for revision. This court was of opinion, that the act of eighteen hundred and nineteen, "to regulate

Jennings *vs.* Cummings & Mason.

the proceedings in the courts of law and equity in this State," having enacted that it shall not be necessary for the plaintiff to prove an assignment of a bond, &c. unless denied by a plea verified by oath, made the plea bad, for the want of such a verification. The plea in that case, being similar to the one in the case before us, we are satisfied that the court rightfully sustained the demurrer.

2. The entry of the judgment, after reciting the names of the jurors, proceeds as follows : " who being elected, tried, and sworn the truth to speak, upon the issue joined, on their oaths do say they find," &c. The verdict and judgment is in proper form, but it is objected, that the entry does not show that the *issues* were submitted to the jury. True, the singular number *issue* is employed, when the plural would more appropriately express the truth of the case, yet we will intend that both the plea of *payment* and *set-off* were before the jury, and that the omission correctly to recite the fact, was a *mere clerical mistake*, not affecting the validity of the judgment. The consequence is, that the same is affirmed.