## PICKETT v. STEWART.

1. Where a suit is brought for the use of another, on a note which, at the trial, appears to be indorsed in blank by several indorsers, and also by the nominal plaintiff, the several indorsements may be filled up at the trial, so

as to correspond with the declaration, and that of the nominal plaintiff stricken out.

Writ of Error to the Circuit Court of Lawrence.

DEBT by Stewart, suing for the use of Thompson, as the indorsee of a promissory note, against Pickett, as one of the firm of Pickett & Barker, its makers. The defendants pleaded several pleas, to which demurrers were sustained, but which are unnecessary to be noticed here, as the defendant does not raise any point upon them in his brief.

At the trial, the plaintiff offered in evidence the note described in his declaration, on which, were the following indorsements, in blank, to wit: Stephen Pickett, Picket, Barks & Co., Wm. Stewart, (the plaintiff.)

The court sustained the defendant's objection to reading the note, and the plaintiff then proposed to fill up the two first indorsements, so as to correspond with the allegations of the declaration. Also, to strike out the indorsement of his own name, This was allowed against the defendants objection, who thereupon excepted.

The striking out of this indorsement, and the sustaining the demurrers to the pleas, is now assigned as error.

COOPER, for the plaintiff in error, insisted, that by the blank indorsement of Stewart, the legal interest in the note passed to Thompson, the holder, and the action should have been in his name, instead of being for his use. The suit being for the use of Thompson, estops the plaintiff from insisting the note was returned. [Chitty on Bills, 230; Johnston v. English, 1 Stewart, 169; Bowie v. Duvall, 1 G. & J. 175; Hunt v. Stewart, 7 Ala. Rep. 525, and cases there cited.]

No counsel appeared for the defendants in error.

GOLDTHWAITE, J.—The distinction between this case and those of Johnston and English, 1 Stew. 169, and Hunt v. Stewart, 7 Ala. 525, is, that here the indorsement is in

blank, whilst in those, it was filled up to the identical person for whose use the suit was instituted. The decisions proceed on the ground, that the indorsements vested the legal interest in the note in the person named, and the suit being for his use, rebutted the presumption which otherwise would arise from finding the note in the hands of the indorser. Here there is nothing to rebut the presumption, that the note has been returned to the indorser, unless it is that the suit is for the use of another, who for any thing which appears, is a stranger. In a very early case, the general commercial rule is recognized that a note may be sued in the name of one who appears on its back as indorser, and the presumption arising from finding the note again in his possession, is said to be, that the indorsement was made to facilitate collection, or for some other purpose, and that the note had been returned to the owner. [Pitts v. Keyser, 1 Stew. 154. To the same effect is Dugan v. U. S., 3 Wheat. 182.] It must be conceded there is no very clear, or well defined line of distinction between these cases, but we think, as the whole notion against the right of the holder of the note to bring the action against the *prima facie* intendment arising out of the indorsement to another, rests on presumption, it would be well to adhere to the one class or to the other. The present case does however present a broad ground for a distinction, as the indorsement is in blank, and the holder has the legal right to strike it out, or fill it up, as he chooses. No one can interfere with this right, and therefore the objection to his doing so, becomes a mere technical objection.

We think the circuit court committed no error in allowing the indorsements to be filled up, and that of the plaintiff stricken out at the trial,

Judgment affirmed.