BANCROFT v. PAINE, use, &c.

1. If a defendant wishes to impeach the *factum* of the assignment, of a note sued on, to the plaintiff, he must annex to his plea, denying the assignment, an affidavit, that he verily believes the assignment is forged: or he must make oath to that effect in open court.

2. An affidavit merely verifying a plea, "that the note was not at any time endorsed and delivered to the plaintiff, nor had he any equitable or legal interest in it, at the commencement of the suit, or at any time before," is insufficient, and a demurrer, to a replication to such plea, should be visited upon the plea.

3. The holder of a note, endorsed in blank, *may* fill up the endorsement with the name of the endorsee.

4. If the plaintiff is invested with the legal title to a note sued on, *it is unnecessary* to fill up the blank endorsement, although the declaration describes it as endorsed to the plaintiff.

5. An agent, to whom a note, endorsed in blank, has been transmitted for

Bancroft v. Paine.

collection, may sue on it, in his own name. The principal alone has the right to object to it.

Error to the Circuit Court of Mobile. Before the Hon. John Bragg.

THIS was an action of assumpsit by defendant, against plaintiff in error, on a promissory note for $250, in favor of George Bancroft, and by him endorsed in blank.

The plaintiff in error filed six pleas, the fourth of which is as follows: " And for further plea, in this behalf, the said defendant says, *actio non, &c.*, because, he says, that the said promissory note, was not at any time endorsed and delivered to the said Parker Paine, nor had he any equitable or legal interest in the said promissory note, at the time of the commencement of this suit, or at any time before, and this he is ready to verify." To the pleas is appended an affidavit, as follows; " Charles Bancroft, being duly sworn, deposeth and saith, that the allegations of the fourth plea, above pleaded, he verily believes are true." The defendant in error, replied to the fourth plea, that the note was endorsed by George Bancroft, as the security of plaintiff in error, and was delivered to one Tarpley, and by Tarpley was delivered, for value, to one Pierson, from whom defendant received it for collection, as his trustee. The plaintiff in error demurred to this replication, and the demurrer being overruled, he then took issue. From the bill of exceptions it appears, that after the pleadings were made up, and the defendant in error was about to put his case to the jury, by leave of the court, the opposite party objecting, he filled up the blank endorsement of George Bancroft, by writing above it, " Pay the within, to Parker Paine. The proof showed that Pierson, for whose use the suit was brought, lived in New Hampshire, and had sent the note to defendant in error for collection, and that the latter had no other interest in the note.

The plaintiff in error, requested the court to charge the jury, that if they believed the evidence, defendant in error could not recover, which charge the court refused to give, but instructed the jury, that the reverse was the law. To the ruling and charge of the court, the plaintiff in error excepted, and now assigns them as error.

C. W. Rapier, for plaintiff in error.

1. The suit was upon a promissory note, payable to George Bancroft, or order, and negotiable and payable at the branch of the state bank at Mobile. The defendant pleaded that the note had not been endorsed and delivered to the plaintiff, and that the plaintiff had at no time an equitable and legal interest in the note, and verfied the plea under oath. The plea so verified was good, and the demurrer to it was correctly overruled. See Beal & Bennet v. Snedicor, 8 Por. 523 ; Jennings v. Cumming, 9 ib. 309; Tarver v. Nance, 5 Ala. 712.

The replication to the plea was bad, because it showed that the plaintiff held the note merely as agent, to collect it. This was neither matter of traversal or avoidance of the plea. The demurrer to the replication should have been sustained.

After the pleadings were made up, and the case was about to be submitted to the jury, it was error to permit the plaintiff to endorse the note to himself. If such leave may be granted, when the ownership of the note is not questioned, it does not follow, that it may be granted when the fact of ownership is put directly in issue, and the presumption of ownership is thereby repelled.

The charge of the court to the jury, that the plaintiff might recover, whether he had an interest in the note or not, and the refusal of the court to charge otherwise, were errors. See Bryant v. Owen, 1 Por. 201 : the same v. the same, 2 S. & P. 134; Thatcher v. Winslow, 5 Mason, 58 ; 10 Johns. 398; Sherwood v. Roys, 14 Pick. 172 ; Kennedy v. Manship, 1 Ala. 45; Moore v. Penn, 5 Ala. 135 : 2 Dall. 144.

The endorsement of the note, under the circumstances, passed no title. It was not an endorsement in legal acceptation. It was without consideration, and had not been delivered in the course of trade. The plaintiff's right to maintain his action on the note, was no better that if the note had been stolen.

The act of 1819, Clay's Dig. 341, sec. 158, applies to assignments, where it is necessary, there should be a written assignment, to pass the legal title. It would be useless and unmeaning, in reference to obligations, in which title pass-

es by delivery. If so, the ownership of the note was questionable, under the general issue.

G. N. STEWART, contra.

Parker Paine appears before the court, suing Charles Bancroft as maker of a note. The note was made payable to the order of George Bancroft, and indorsed by him to Paine.

Paine sues for the use of Thomas Pierson: he is the agent of Pierson—sues for his use, and by his authority—he holds the legal title as indorsee for Pierson's use.

The appellant denies the right of the trustee to sue for the use of the party having the equitable interest, although he is invested with title, with assent of the beneficiary. This objection cannot be maintained.

The indorsement by George Bancroft was in blank, and was filled at the trial. This was clearly allowable. 7 Por. 181, and authorities cited; 5 Randolph, 326; 5 Munf. 388; 5 Call, 61; Story on Prom. Notes, No. 126.

The party having the legal title may, and must, sue for the use of the party having the interest, and no one else can sue; and whether such party having the legal title, be merely an agent or servant, or not. 3 Ala. R. 347; 3 Porter, 112; Story on Prom. Notes, § 124; 5 Ala. 135; 8 Porter, 122; 2 S. & P. 140, 139; 1 Stew. 169.

A note is, of itself, a distinct cause of action, and needs no extrinsic averment. 8 Por. 445. And so is an indorsement.

COLLIER, C. J.—1. The act of 1819, "to regulate the proceedings in the courts of law and equity in this state," enacts, "when any suit shall be instituted by any person or persons, as assignee or assignees, of any bond or other writing, it shall not be necessary for the plaintiff or plaintiffs, to prove the assignment or assignments, unless the defendant or defendants, shall annex to a plea denying such assignment or assignments, an affidavit, stating that such defendant or defendants, verily believe, that some one or more of such assignments were forged; or make oath to the same effect in open court, at the time of filing such plea." Clay's Dig. 341, § 158. In Tarver v. Nance, 5 Ala. Rep. 712, the defendant in the circuit court, pleaded, that the bill declared on, was

not the individual property of the plaintiff; that an association of individuals, styled "the Real Estate Banking Company of South Alabama, at Selma," were its proprietors, and that after it was indorsed to them by a blank indorsement, the plaintiff inserted his name, as the last indorsee. It was held, that the plea was defective, because it was not verified as the statute requires. To the same effect are Beal & Bennet v. Snedicor, 8 Por. Rep. 523, and Jennings v. Cummings & Mason, 9 Port. Rep. 309. See also Fowlkes & Co. v. Baldwin, Kent & Co. 2 Ala. Rep. 705; Lazarus, use, &c. v. Shearer, ib. 718; McWhorter, v. Lewis, use, &c. 4 Ala. R. 198. It is perfectly clear, that the affidavit by which the fourth plea, in the present case, is verified, does not conform to the requisition of the statute; and as the plea does not allege, that the indorsement under which the plaintiff deduced a legal title was forged, it cannot aid, and supply the defects of the affidavit. The cases cited sufficiently establish, that as the plaintiff's right to maintain the action, or his title to the note, depends upon the indorsement, the defendant can only put that fact in issue by a denial of the indorsement, stated in the declaration, by a plea duly verified. When an affidavit of the truth of a plea is necessary, the want of it is a defect, available on demurrer. Martin v. Dortch, 1 Stew. Rep. 479; McWhorter v. Lewis, *supra.* Here, an affidavit, or oath, was indispensable to the sufficiency of the plea—the defendant adopted the former as the mode of verification, and it being insufficient, the demurrer to the replication should have been visited upon the plea.

2. It is well settled, that it is competent for the holder of paper indorsed in blank, to insert the name of the indorsee. Kennon v. McRea, 7 Por. Rep. 175, 181. And if the plaintiff is invested with the legal power, it is unnecessary to fill up a blank indorsement, even when the description in the declaration is, that the note was indorsed to him. Riggs v. Andrews & Co. 8 Ala. Rep. 628; Sawyers, adm'r, v. Patterson, 11 Ala. Rep. 523. This being the law, it is quite immaterial when the name of the indorsee is inserted, or whether the indorsement is filled up at all.

3. The material question in the cause, is, whether a party to whom a note indorsed in blank is transmitted as an agent

for collection, can insert his own name as the indorsee, and maintain an action against the maker? In Bryant v. Owen, 2 Stew. & P. Rep. 134, it was said to have been often decided, that one holding a bill, check, or note, as bearer or indorsee (though a mere agent), has such a legal right as entitles him to maintain an action on the security. Yet it was held in that case, to be competent for the defendant to controvert by plea, the plaintiff's right to sue as bearer, on a note payable to a third person, or bearer. The court added, "it is not intended to intimate an opinion, that if it appeared in evidence, that the plaintiff held the note only as agent for the rightful owner, and had by his authority, express or implied, orally or in writing, sued in his own name, that he could not have so recovered." It must, however, be remarked, that issue was taken on the plea, which controverted the plaintiff's title, and the question arose upon the admissibility of evidence to sustain it.

The same case came before this court at a subsequent period, (1 Port. Rep. 201) upon the same state of the pleading, and it was then decided, that an agency, such as created by the relation of client and attorney, does not authorize the latter to sue in his own name on the note described in the declaration; and that the consent of the client to the prosecution of the suit, will not make a different rule applicable.

These adjudications are not decisive of the case before us. It may be well questioned, whether judgments adverse to the plaintiff, might not have been rested alone upon the form of the issues. But however this may be, the first decision merely determines, that under the pleadings, it was competent to show the plaintiff's want of title—leaving it for future consideration, whether such evidence might not be countervailed by proof of the assent of the owner to the prosecution of the suit. The second decides, that an attorney at law cannot sue in his own name, on paper placed in his hands to be put in suit, although his client consents. We will not stop to criticise either of these decisions; for whether defensible or not, they do not furnish an answer to the question before us.

The right of the beneficial holder of a promissory note, to sue for his use, in the name of the party having the legal ti-

tle, is distinctly recognized in Moore v. Penn, use, &c. 5 Ala. Rep. 135. Mr. Justice Story says, "if the transfer of a promissory note be to an agent, by an indorsement of his principal in blank, he may treat the note as between himself and all the other parties, except his principal, as his own, and fill it up in his own name; or he may hold it for his principal, and act in his name." Story on Prom. Notes, § 126; see also § 246. To sustain these positions, the learned author cites a great number of cases, and as denying it, he only refers to three, one of which is Thatcher v. Winslow, 5 Mason, 58. There, speaking from the bench, he determined that an agent to whom a negotiable note has been indorsed by his principal, for the benefit of the latter, and who has no interest in the note, cannot sue as indorsee upon the note : *Further*, no person can sue as indorsee, unless he be the owner of the note, or has some legal or equitable interest therein. The opinion in which these conclusions are announced, is not attempted to be supported by argument or authority. The other citations are Wilson v. Holmes, 5 Mass. Rep. 543; Sherwood v. Roys, 14 Pick. Rep. 173. A reference to the cases which support the text of the author, will show that the question we proposed to consider, must receive an affirmative answer; that it is for the party entitled to the proceeds of the note when realized, to object that the suit is instituted without authority, or that the authority has been revoked. But if the agency is continuing, and recognized by the principal, the defendant cannot defeat the action, by showing that the plaintiff is only the mere conduit, through whom the money is to pass to the party entitled. It is needless to extend this opinion by collating cases. We have but to add, that the judgment is affirmed.