THOMAS BELL, PLAINTIFF IN ERROR, *v.* THE MAYOR AND COUNCIL OF THE CITY OF VICKSBURG

The statutes of Mississippi provide that no plea of non est factum shall be admitted or received, unless the truth thereof shall be proved by oath or affirmation.

A plea of that kind was filed without the affidavit, and demurred to by the plaintiff.

Although, upon the general principles of pleading, a demurrer only calls in question the sufficiency of what appears on the face of the pleading, and does not reach the preliminary steps necessary to be taken to put it upon file, yet, as the State courts where such a statute exists have held that the plea of non est factum is demurrable if there be no affidavit, and the course of practice in the Circuit Court conforms to the State practice, this court also holds that such a plea is demurrable.

This case was brought up by writ of error from the Circuit

*Bell* v. *Corporation of Vicksburg.*

Court of the United States for the southern district of Mississippi.

The nature of the suit and the various defences made are stated in the opinion of the court.

It was argued by *Mr. Benjamin* for the plaintiff in error, and submitted by *Mr. Badger* and *Mr. Carlisle* upon a printed argument for the defendants in error

Mr. Justice CAMPBELL delivered the opinion of the court.

The plaintiff instituted this suit upon a sealed instrument, made in the name of the city of Vicksburg, payable to bearer. The defendant pleaded fifteen pleas; to ten of which the plaintiff demurred, and judgment was rendered for the defendant on the demurrer. Some of these pleas involved important questions touching the validity of the instrument, which have, since the decision of the Circuit Court, been the subject of discussion in the Supreme Court of Mississippi and in this court. It is conceded that nine of the pleas were insufficient, and that the demurrers should have been sustained to them. The remaining plea is the ordinary non est factum. This was filed without an affidavit of its truth, and this is required by a statute of Mississippi to authorize its reception. But the defendant contends that it is the office of a demurrer to call in question the sufficiency of a declaration or other pleading upon what appears upon its face, without reference to any extrinsic matter; that the affidavit is not a part of the plea; it is only that which is necessary to authorize the plea to be placed on file, and it may be waived either expressly or by implication. The filing of the plea is only irregular, and a demurrer or replication to it is a waiver. Upon the general principles of pleading, we assent to the accuracy of this argument.

Commercial and R. R. Bank of Vicksburg, 13 Pet., 60.

Nicholl *v.* Mason, 21 Wend., 339.

But in courts of States in which this statute exists, a plea of non est factum, without the affidavit required by it, is demurrable. Such is the practice in Mississippi.

Smith *v.* Com. Bank of Rodney, 6 S. and M., 83.

Johnston *v.* Beard, 7 S. and M., 214.

Bancroft *v.* Paine, 15 Ala., 834; 4 Ala., 198.

We do not question the power of the Circuit Court to maintain the rules of pleading in the manner of applying the statutes of a State, or it may adopt the usual practice in the State, if not contrary to an act of Congress.

We learn that the course of practice in the Circuit Court conforms to the State practice. We suppose that it would be a surprise upon the plaintiff, and might work injustice, if we were to sustain the plea under such circumstances.

Judgment reversed and cause remanded.