# CASES

# SUPREME COURT OF ILLINOIS.

## THIRD GRAND DIVISION.

### SEPTEMBER TERM, 1869.

## OTHO P. RICHARDS *et al.*

### *v.*

## HARRISON H. DARST.

1. ASSIGNMENT—*of note in the hands of the payee—of the legal title.* Whatever assignment the payee of a note may make upon the same, he does not by such assignment pass the legal title to his assignee, while it still remains in the hands of the payee or assignor.

2. While the note so remains in the hands of the payee, it is under his control, and he may bring an action upon it, in his own name, and he may erase or otherwise render the assignment inoperative.

APPEAL from the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

This was an action of assumpsit, brought upon a promissory note, dated Nov. 7, 1868, for $1,185.86, due thirty days after date, with interest at ten per cent., signed by Richards as maker, and Cassell and Magarity as securities. Upon this note were total endorsements of payments made at three different times, amounting to $775.

Upon the note offered in evidence, was an endorsement, to wit: "Harrison Darst per John Darst," which endorsement was erased by plaintiff's attorney on the trial.

The defendant objected to the admission of the note in evidence, upon the ground that by the assignment the payee had passed the legal title, and could not maintain this action, and that by his own act he could not render the assignment inoperative, by erasing it. The court overruled the objection, and admitted the note in evidence. The jury returned a verdict for the plaintiff, and assessed his damages at $440.50. The court overruled a motion for a new trial, and rendered judgment upon the verdict.

The defendants bring the record to this court on appeal, and assign for error, the admission of the note in evidence.

Messrs. HARPER & CASSELL, for the appellants.

Mr. D. McCULLOCH, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The cases of *Brinkley* v. *Going*, Breese, (new ed.) 366, 367, and *Kyle* v. *Thompson et al.* 2 Scam. 432, and *Parks* v. *Brown*, 16 Ill. 454, are decisive of this case.

The point was the same in each of those cases, and the court held the plaintiff could recover.

And so in *Pardee* v. *Lindley*, 31 Ill. 174, it was held, that whatever writing the payee of a note may have placed upon it, he may, while it remains in his hands, erase or otherwise render inoperative. If he has written an assignment upon the

note and it remains in his hands, he will be deemed not to have parted with his interest in it.   No such endorsement would conclude him.

The judgment must be affirmed.

*Judgment affirmed.*