## Harry M. Henderson and Frank R. Henderson v. H. D. Davisson.

1.  PROMISSORY NOTES—*Blank Indorsements.*—Where a promissory note is in the possession of the payee, and his name appears indorsed upon the back of it in blank, the presumption is that the payee owns it and that his name is indorsed as a mere memorandum, or if he had negotiated it that he has taken it up, and he may, so far as the maker is concerned, sue upon it in his own name or in the name of the person to whom he indorsed it.

2.  SAME—*Holder's Power Over Blank Indorsements.*—The payee of a promissory note which has been indorsed by him in blank, and which is in his possession, may strike out the blank indorsement and sue in his own name, or he may leave it standing and sue in the name of the person to whom he in fact indorsed it. The judgment will protect the maker against another action and it is not material to him what may be the rights of the plaintiff or other parties as to the beneficial interest in the judgment upon it.

**Memorandum.**—Assumpsit.  In the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.  Declaration on promissory note; plea of general issue; trial by the court; judgment for plaintiff; appeal by defendants.  Heard in this court at the November term, 1894, and affirmed.  Opinion filed February 11, 1895.

APPELLANTS' BRIEF, JOHN E. POLLOCK AND NEVILLE & LINDLEY, ATTORNEYS.

Appellants contended that the legal title, as long as the appellee's name remained as indorser upon the note, was not

in the appellee, and that the suit could not be maintained in his name; citing the following authorities: Larned v. Carpenter, 65 Ill. 543; Dix v. Ins. Co., 22 Ill. 272; Starr and Curtis, Vol. 2, page 1654, Sec. 4.

APPELLEE'S BRIEF, LILLARD & WILLIAMS, ATTORNEYS.

The courts of Illinois have held, from Breese down to date, that the indorsements, if the note gets back into the hands of the payee or indorsee, are in the control of the payee or indorsee holding the note, who may strike out the indorsements or not, as he thinks proper. The holder of this note thought proper to fill up the indorsement of Phillips, making it a special indorsement to himself, and his own name on the back of the note was immaterial or at most operated as a re-assignment to himself. Brinkley v. Going, Breese 366; Timothy Brinkley v. Going, Breese 367; Parks v. Brown, 16 Ill. 454; Richards v. Darst, 51 Ill. 140; Rozet v. Harvey, 26 Ill. App. 558; Best v. Nokomis Bank, 76 Ill. 610; Humphreyville v. Culver, etc., 73 Ill. 487.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was assumpsit by Davisson against H. M. & F. R. Henderson upon a promissory note made by defendants, payable to J. C. Phillips, who, as alleged in the declaration, assigned the note to the plaintiff.

A plea of the general issue was interposed, and by agreement the cause was submitted to the court, a jury being waived. The plaintiff offered the note described in the declaration, upon the back of which appeared the name of the payee and under it the name of the plaintiff.

Upon objection that the indorsement to the plaintiff was not filled out, the attorney for plaintiff wrote a formal indorsement over the name of the payee, and it was then objected that the plaintiff having indorsed the note, could not now sue upon it in his own name, but the court overruled the objection and allowed the note and the indorsement to plaintiff to be read in evidence, and then the plaintiff rested his case.

Henderson v. Davisson.

The defendants then offered evidence to the effect that the plaintiff had delivered the note indorsed by him in blank to The People's Bank of Bloomington as collateral security for a note given by him to the bank, and that in order to enable the plaintiff to sue upon the note in controversy in his name, the bank had given it to the plaintiff's attorney for that purpose.

The court rendered judgment for the plaintiff, and the defendants bring the record here by appeal.

The plaintiff having shown the making of the note and its indorsement to him as alleged, and being in possession of it, would not be barred of the action merely by the fact that his own name appeared indorsed on the instrument.

The legal presumption would be that he owned it and that his name was indorsed as a mere memorandum, or if he had negotiated it that he had taken it up. Being in this position the holder might, so far as the maker is concerned, sue in his own name or in the name of the person to whom he had indorsed it.

It is not a matter as to which the maker may object. In such case the plaintiff may strike off the blank indorsement or not, as he prefers. The judgment will protect the maker against another action, and it is not material to him what may be the rights of the plaintiff and another party as to the beneficial interest in the judgment. Brinkley v. Going, Bre. 288; Parks v. Brown, 16 Ill. 454; Richards v. Darst, 51 Ill. 140; Humphreyville v. Culver, 73 Ill. 485.

The note and the indorsement to plaintiff were properly admitted in evidence, nor did the proof offered by defendants make any important change in the situation. The substance of the matter was merely that while the bank retained a beneficial interest in the note, the possession of it was surrendered for the express purpose of allowing the plaintiff to sue in his own name, thus restoring to him the legal title to the paper.

There is nothing here of which the makers may complain. The judgment will be affirmed.