# Berney v. Steiner Bros.

*Action on Promissory Note by Holder Against Maker.*

1. *Promissory note; blank indorsement evidence of ownership.*—Possession by plaintiff of a note indorsed in blank is *prima facie* evidence of ownership; and in absence of rebutting proof shows his right to maintain an action thereon in his own name.

2. *Same; note in possession of payee; when indorsements may be disregarded; presumption.*—When an indorsed promissory note gets back into the hands of the payee, the law converts his possession into a *prima facie* legal title, upon which suit may be prosecuted, wholly regardless of the condition of the paper as to its indorsements; and the burden of proof is on the defendant to show want of title in the plaintiff.

[Berney v. Steiner Bros.]

3. *Negotiable paper; proper party plaintiff* —Where a note is payable in bank, the legal title and not the beneficial interest in the collection, controls the question in whose name the suit should be brought.

4. *Pleading; departure.*—When the question of ownership of the note, the foundation of the action, is raised by plea, a replication explaining the true nature of plaintiff's ownership, if good title be thereby shown, is not a departure from the complaint, though the source of title be differently averred therein.

APPEAL from Birmingham City Court.

Tried before Hon. H. A. SHARPE.

This was an action by appellees against appellant on a promissory note. The complaint is as follows:

"The plaintiffs claim of defendant the sum of two thousand dollars and interest due by a certain promissory note made by the defendant at Birmingham, Ala., on the 5th day of September 1893, and payable to the order of defendant, the maker thereof, on the 5th day of December 1893, at the Steiner Bros'. Bank in said city. The said note was duly indorsed by defendant to the plaintiffs. Plaintiffs aver that said note with interterest from maturity is past due and unpaid &c."

The defendant interposed the following pleas:

5. "For further plea defendant says that the note sued on is payable at a designated place, and that plaintiffs did not have the legal title to the note sued on at the time of the commencement of this action."

6. "Defendant says that plaintiffs can not maintain this action, because the note sued on was made by defendant payable to his own order, and indorsed by him in blank; that the consideration for said note did not move from plaintiffs and that the note is not payable to plaintiffs; that plaintiffs were not the owners of said note at the time of the commencement of this action; that said note was indorsed in blank by plaintiffs, and was the property after indorsement by plaintiffs of Rich and Biederman, and was the property of said Rich and Biederman at the commencement of this suit; and that at the time of the commencement of this suit, the plaintiffs who were second indorsers of said note, had neither paid nor satisfied said note, nor was the legal title of said note then in plaintiff."

The plaintiff filed a replication as follows: 1st. "The plaintiffs join issue on said pleas."

[Berney v. Steiner Bros.]

2d. For further replication to said pleas, and each of them, plaintiffs aver that the defendant indorsed the note sued on, in blank, and thereupon the plaintiffs also indorsed the same, in blank, and delivered same to Rich & Biederman under an agreement that said Rich & Biederman, the holders of the note aforesaid, would not negotiate the same, but that if William Berney should fail to pay said note, said Steiner Bros', the plaintiffs, were first to exhaust all remedies under the note, and certain securities, which said Berney had pledged as collateral to said note, and that if there should then, yet be a balance due on said note, Steiner Bros. were to pay the same to Rich & Biederman; and plaintiffs aver that said Berney wholly failed to pay said note at maturity, and the same was protested, and before the commencement of this suit said Rich & Biederman re-delivered said note and said securities with said blank indorsements of defendant and plaintiffs thereon, in accordance with said contract, whereupon plaintiffs instituted this action to exhaust the remedies under said note, said defendant having wholly failed and neglected to pay said Rich & Biederman, or plaintiffs, although plaintiffs requested him to pay the same, after said re-delivering to them, which he often promised to do, but has wholly failed to this day."

The defendant demurred to the replication on following grounds, among others:

1. Said replication neither traverses nor avoids the pleas replied to.

2. That the plaintiffs are attempting in their said replication to make the same serve the purposes of an amendment to their complaint.

3. That said replication departs from the complaint in that it assigns new matter on which a recovery could not be had on the complaint as it now stands.

4. That said replication is a departure from the complaint, because the complaint alleges that the plaintiffs are the indorsees of the note sued on, while the said replication avers that Rich & Biederman are the indorsees of said note.

6. That said replication shows on its face that the legal title to the note sued on is not in plaintiffs, but in Rich & Biederman.

7. That the mere delivery of said note sued on, to

Steiner Bros. by Rich & Biederman for collection does not divest Rich & Biederman of the legal title to said note.

The demurrer was overruled and the defendant excepted. The plaintiffs offered in evidence the note sued on which was made by William Berney payable to his own order. On the back of the note was indorsed "William Berney". "Steiner Bros.". The defendant objected to the introduction of the note, as illegal and incompetent. The court overruled the objection and defendant excepted. The defendant introduced evidence to the effect that after the commencement of this suit, B. Steiner, a member of plaintiffs' firm, stated that the only interest plaintiffs had in the note was as indorsers; that Steiner Bros. had indorsed the note as a matter of kindness for Wm. Berney, to procure money on it from Rich & Biederman. That B. Steiner had stated that his firm, Steiner Bros., was liable to Rich & Biederman on the note, and that Rich & Biederman were going to sue them on it. The plaintiff, in rebuttal, introduced evidence to show the agreement made between Rich & Biederman and Steiner Bros. referred to in the replication, and introduced a written memorandum of said agreement as follows :

Birmingham, Ala., Sept. 5th 1893.

"Whereas Steiner Bros. have this day indorsed a note of William Berney, dated Sept. 5th. 1893, which note is secured by 75 Shares of West End Land and Improvement Company's stock, and is due on the 5th, day of December, 1893, and in the sum of $2,000.00 it is hereby understood and agreed upon, that Rich & Biederman, the holder of the note aforesaid, will not negotiate the same, but if the said William Berney shall fail to pay said note, said Steiner Bros. are first to exhaust all remedies under the note and securities, and if there should then be a balance due on said note, Steiner Bros. are to pay the same same to Rich & Biederman. This agreement was entered into on the above date in my presence."

LILLIAN B. MITCHELL.
H. C. MAYER.

The defendant objected to the introduction of the written memorandum above set out, but his objection was overruled and defendant excepted. Before the in-

[Berney v. Steiner Bros.]

troduction of the memorandum it was proven that the same was read by Biederman and assented to by him before the indorsement and delivery by Steiner Bros. of the note sued on to Rich & Biederman.

J. Q. COHEN, and H. R. DILL, for appellant.—The demurrer to the replication on the ground of *departure* should have been sustained.—*McAden v. Gibson*, 5 Ala. 341; *Winter v. Mobile Saving Bank*, 54 Ala. 172; *Eskridge v. Ditmars*, 51 Ala. 245; 1 Chitty Pleading 16 Ed. 675.

Steiner Bros. were not proper plaintiffs.—*Bryant v. Owen*, 2 S. and P. 134; *Cabb v. Bryant*, 86 Ala. 316; *Lakeside Land Co. v. Dromgoole*, 89 Ala. 505; *Carter, Dunbar & Co. v. Lehman, Durr & Co.*, 90 Ala. 126.

The replication showing on its face that Steiner Bros. were the guarantors of the note, in order to make the replication good it should have averred the payment or satisfaction of the debt by the plaintiffs—*Tyree v. Parkham*,, Exr. 66 Ala. 424; *Stallworth v. Preslar*, 34 Ala. 505; Am. & Eng. Encyc. of Law, Vol. 24, p. 775.

The written memorandum of agreement between Steiner Bros. and Rich & Biederman was improperly admitted in evidence.—*Holt v. Moore*, 5 Ala. 521; *Johnson v. Washburn*, 98 Ala. 258; *Am. Ins. Co. v. Gallahan*, 75 Ind. 168.

GEORGE HUDDLESTON AND CABANISS & WEAKLEY, for appellees—Plaintiffs possession and production of note is *prima facie* evidence of ownership. *Lakeside Land Company v. Dromgoole*, 89 Ala. 505.

The note being placed in plaintiff's hands for suit with Berney's blank endorsement, they had the right to fill it up, or treat it as filled up, and sue in their own names as though it had been endorsed to them. *Henderson v. Davisson*, 57 Ill. App. 17; *French v. Jarvis*, 29 Conn., 348; *Eaton v. Alger*, 47 N. Y. 345; 3 Rand Com. Paper, § 1658; *Riggs v. Andrews*, 8 Ala, 628; *Lakeside Land Company v. Dromgoole, supra*; *Sawyer v. Patterson*, 11 Ala. 523; *Pickett v. Staurt*, 12 Ala. 202; *Bancroft v. Pacyne*, 15 Ala. 834; *Bryant v. Owen*, 2 S. & P. 134.

The note being payable in bank, the legal title not the beneficial ownership controls. *Hanna v. Ingram*, 93 Ala. 482.

When suit is brought in name of payee of a note, when it appears to have been endorsed by said payee to another person, the note should not be excluded as evidence, the legal presumption in such case being that the note has been returned by the assignee to the assignor. *Herndon v. Taylor*, 6 Ala. 461.

HARALSON, J.—It seems to be well settled generally that the possession and production by the plaintiff of a note sued on, with the blank endorsement of defendant, who is the maker, payee and endorser of the same, is *prima facie* evidence of his ownership of the note; and in the absence of rebutting proof, shows his right to maintain the action in his own name. *Lakeside Land Company v. Dromgoole*, 89 Ala. 505. This rule, it was said in the case cited, may be regarded as settled in this State; that "it was held, more than fifty years ago, that a blank endorsement vests the note in the holder, if the owner, as completely as can be done by any other mode, and it is unnecessary for the endorsement to be filled up before going to the jury." *Riggs v. Andrews*, 8 Ala. 628; *Sawyer v. Patterson*, 11 Ala. 523; *Pickett v. Stewart* 12 Ala. 202. And in *Bancroft v. Payne*, 15 Ala. 834, it was held, that an agent to whom a note endorsed in blank, had been transmitted for collection, might sue on it in his own name. The principal alone has the right to object. *Goodman v. Walker*, 30 Ala. 482. And still again, we have more recently held, that when the paper, though indorsed and transferred, gets back in the hands of the payee, the law converts his possession into a *prima facie* legal title, upon which suit may be prosecuted, wholly regardless of the condition of the paper as to its endorsements, and the burden is on the defendant to show want of title in the plaintiff. *Anniston Pipe Works v. Furnace Company*, 94 Ala. 606; *Tuscaloosa Cotton S. O. Co. v. Perry*, 85 Ala. 165; *Price v. Lavender*, 38 Ala. 389; *Herndon v. Taylor*, 6 Ala. 461.

It has been further held that when a note is payable in bank, the legal title, and not the beneficial interest in the collection, controls. That the holder of the legal title, is not entitled to the proceeds, is no defense to an action on the note. *Hanna v. Ingram*, 93 Ala 483; Code, § 2594.

In a recent decision in the Illinois Court, the case we

have before us, in its essential features, was passed on by that court. H. M. and F. R. Henderson gave a note payable to Phillips, who, as alleged in the declaration, assigned the same to Davisson. The defendant offered evidence that the plaintiff delivered the note indorsed by him in blank to a bank, as collateral security for a note given by him to the bank, and that in order to enable the plaintiff, Davisson, to sue upon said note, the bank gave it to his attorney for that purpose. Judgment having been rendered for plaintiff, on appeal, the Appellate Court said : "The plaintiff having shown the making of the note and its endorsement to him as alleged, and being in possession of it, would not be barred of the action merely by the fact that his own name appeared indorsed on the instrument   *   *   *.   It is not a matter as to which the maker may object.   In such case, the plaintiff may strike the blank endorsement or not, as he prefers.   The judgment will protect the maker against another action, and it is not material to him what may be the rights of the plaintiff and another party, as to the beneficial interest in the judgment.

"The note and the endorsement to plaintiff were properly admitted in evidence, nor did the proof offered by defendants make any important change in the situation. The substance of the matter was merely, that while the bank retained a beneficial interest in the note, the possession of it was surrendered for the express purpose of allowing the plaintiff to sue in his own name, thus restoring to him the legal title to the paper.   There is nothing here of which the makers can complain." *Henderson v. Davisson* 57 Ill. App. 17.

This decision seems to be in line with our own adjudications, referred to above, and supported by authority elsewhere. *French v. Jarvis*, 29 Conn. 348 ; *Eaton v. Alger*, 47 N. Y. 345 ; 3 Rand. on Com. Paper, § 1658.

There was no departure from the complaint, as is supposed by appellant's counsel, in the replication filed, and the demurrer to it was properly overruled. The replication to the plea was good, and it was satisfactorily established by the evidence. By the very terms of the agreement entered into between plaintiffs and Rich & Biederman, at the time said note was given and endorsed by plaintiffs, it was stipulated "that it is hereby understood and agreed that Rich & Biederman, the

holders of the note aforesaid, will not negotiate the same, but if the said William Berney should fail to pay said note, said Steiner Brothers are first to exhaust all remedies under the note and securities, and if there should then be a balance due on said note, Steiner Bros. are to pay the same to Rich & Biederman.'' The note not having been paid by defendant at maturity, was under this agreement properly returned to plaintiffs, who were authorized and entitled to maintain this action to enforce the payment of the same out of defendant. Their right to sue. accrued to them, certainly, under their said contract with Rich & Biederman, of which defendant had no right to complain. The note was properly admitted in evidence and the objections raised by appellant to the introduction of evidence as to the circumstances and conditions of its execution, on which assignments of errors are based, were also without merit.

There were other errors insisted on, which were not meritorious and we will not consider them.

There was no error in giving the general charge as requested for plaintiffs.

Affirmed.