## R. G. PARKS, Appellant, v. N. BROWN, Appellee.

### APPEAL FROM LA SALLE.

A plaintiff may strike out a blank indorsement upon a promissory note, payable to order, on the trial of a suit brought on the note.

THIS was an action commenced before a justice of the peace and taken by appeal to the Circuit Court of LaSalle county, where it was tried by LELAND, Judge, and a jury, at May term, 1854.

The note sued on, was made payable to the order of Nathaniel Brown, and was indorsed on the back, "Nathaniel Brown." When offered in evidence to the jury, on exception taken, it was excluded by the court, on account of the indorsement. The counsel for plaintiff then erased the indorsement, and the note was admitted in proof, against the exception of the defendant.

W. CHUMASERO, for Appellant.

D. P. JENKINS, for Appellee.

SCATES, C. J. The only question presented is, whether a plaintiff can strike out a blank indorsement, on a promissory note payable to order, on the trial. We have no doubt but that this is the true rule, and may be done. The court said so in *Kyle* v. *Thompson et al.*, 2 Scam. R. 432, and in *Campbell* v. *Humphress*, ibid. 478, but reversed the judgment in that case, because a special full assignment had not been stricken out: defendants had proved the property in another, instead of striking out the assignment.

Our statute has given to an indorsement, in writing, the effect to transfer and vest the property in the assignee, and enables him to maintain suit thereon in his own name. Rev. Statutes, 1845, p. 384, 385, Secs. 4 and 5. Plaintiff had defendant's attorney sworn, and by him proved that he was retained by a man by the name of Bailey, who claimed and who he believed had some interest in the note ; and that he knew nothing of the plaintiff below. Bailey, it appears, if we would look at the affidavits copied into the record, made several of them, and seems to have had and taken the management and institution of this suit. Bailey, it would so appear, was present at the rendition of the judgment, made affidavit for an execution, and during all this time conducted the suit in the name of Brown, the payee, for his use. He might at law, under our statutes, recognize the true interest, as in the party for whose use the suit is brought, and prevent any control of it by the nominal plaintiff to his prejudice. See *Smith* v. *Moore*, 3 Scam. R. 462, where the court excluded the nominal plaintiff from being a witness without the consent of the *cestui que use.*

But there is no contest here between claimants of the interest. Supposing the entire interest to be in Bailey, under a blank assignment, and that he has power to make it special by filling it up to himself, so as to read it in evidence in a suit instituted upon it in his own name, and still the question is open as to his right to institute the suit in the name of the payee alone, or the payee to his use, and strike out the blank assignment and read the note. We conceive that the holder would have this right. It is not the privilege of the defendant to constitute himself the guardian of the plaintiff's rights, as between assignor and assignee, or payee and holder. The holder may, so far as defendant has any right of objection, consult his own interest by instituting suit in the name of the one or the other, and if not controlled by a special assignment, as in *Kyle* v. *Thompson et al.*, and *Campbell* v. *Humphress, ubi supra,* may recover the amount in the name of the original party. It might be the right of the original party to complain of the use of his name and his subjection to a liability for costs, but if so, it does not follow that the defendant may do so for him. The defendant has a right to require that there shall be such a plaintiff as will make the recovery a bar to any other action by another for the same debt. When this is done, he is protected and has no cause of complaint or right of objection, as to the true or equitable ownership of the moneys recovered. I deem this to be the true and a sufficient test of the question before us. Tried by it, we think this judgment right. Could Bailey institute another action on this note, admitting the whole interest to be in him ? We

think he could not. He held the note under a blank assignment, instituted suit thereon in Brown's name, to his use, upon objection to reading the note at trial, with Brown's name upon it, he directed his attorney, (for we must take the act of the attorney to be under the direction of his client, and not allow the defendant to challenge it as unauthorized,) to strike out the payee's name as indorser, and take the judgment in his name to his (Bailey's) use. Could any one pretend that Bailey could ever sue again in his own name? The statute is directory, permissive, and not mandatory, that assignees shall sue in their own names, but may, as we think, use the name of the payee to their own use, as sufficiently descriptive of the real interest. So far as defendant is interested, we presume he could not call for proof of interest in the person for whose use an action is declared, without showing how his interests were to be affected and injured for want of it.

This court held that the special indorsement was in the power of the plaintiff, and he may strike it out or not, as he please, and that possession is *prima facie* evidence of title. *Brinkley* v. *Goring*, Breese R. 288; *Dugan et al.* v. *U. States*, 4 Cond. R. 223, (3 Wheat. 172); *Lansdale* v. *Brown*, 3 Wash. C. C. R. 404; *Murray* v. *Indah*, 6 Cowen R. 493. We recognize fully that the party having a legal interest, must bring the suit as laid down. Chitty on Bills, 534, 535 and 536. But without examining what might be allowed by the current of authorities, in the way of changing the apparent legal interest, by striking out special assignments on the trial, we feel warranted by the justice and convenience of the rule, as well as the authorities, in allowing blank assignments to be either filled up or stricken out at the trial, so as to remove all formal objection by defendant to reading the instrument in evidence, on account of such apparent transfers or for want of them. See *Leavitt et al.* v. *Cowles et al.*, 2 McLean R. 491; *Manhattan Co.* v. *Reynolds et al.*, 2 Hill R. 140; *Walwyn* v. *St. Quintin*, 1 Bos. and Pull. R. 658; *Lovell* v. *Evertson*, 11 John. R. 52; Chit. on Bills, 535 and note 4, 572; 230, 230 a, and notes; *Burdick* v. *Green*, 15 John. R. 249; *Bradford et al.* v. *Bucknam*, 12 Maine R. 16. It seems to be otherwise noted in *Jeffers* v. *Oliver, use of Bryan*, 5 Mo. R. 433, under their statute in relation to assignments.

*Judgment affirmed.*