Matthew Laflin, Appellant, *v.* Benjamin B. Sherman, Appellee.

### APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

The indorsee of a note which has been transferred to him for collection, and which he has accepted for that purpose, is the legal holder of it, and may maintain an action upon it. Nor is it error, that the indorsement of it is not filled up with the name of the plaintiff, if objection in apt time is not made on that account.

This was an action of assumpsit, brought by the appellee against the appellant in the Superior Court of Chicago, upon the following promissory note, to wit:

" $2,700.                                    CHICAGO, April 18th, 1860.

" One year after date, I promise to pay to the order of John H. Dunham, two thousand seven hundred dollars, at the banking office of the Merchants' Savings, Loan and Trust Co., value received, with interest at ten per cent.

                                                 MATTHEW LAFLIN."

Indorsed as follows, to wit: "Without recourse to me. J. H. DUNHAM."

Declaration contained one special count and the common counts.

Plea of general issue.

Trial by the court, a jury being waived; finding of the court for appellee, and damages assessed at $3,150. Motion for new trial by appellant, overruled.

Sherman brought suit upon the note in his own name; and it appears from the testimony of Sherman, (taken under the late statute,) that Dunham sent him the note, with a request that he would sell it; that he could not sell it, and Dunham then told Sherman to credit him the amount of the note upon his books, and collect it when due.

At the trial, the appellee offered to read the note to the court. Whereupon the appellant, by his counsel, objected to the admission of the note in evidence, and stated to the court that he had a deposition of Benjamin B. Sherman, the plaintiff in the suit, which deposition he then proceeded to read to the court as evidence, without objection. In which deposition the facts above stated are found. The note was read in evidence.

KNOX & REED, for Appellant.

The court under the evidence, should not have received the note in evidence, for the reason that it did not appear from the note that the appellee was the legal owner or holder of the same, and the evidence *aliunde*, to wit, the deposition of the appellee, showed that the appellee was not the equitable holder or owner of the note.

The indorsement of the payee on the back of the note is in these words: "Without recourse to me. J. H. Dunham." This certainly did not make the appellee the legal holder or

owner of the note. The indorsement should have been filled up before the suit was brought.

The appellant had no authority to fill up the indorsement on the note at the trial, so as to become the legal holder or owner, for the reason that the evidence *aliunde* showed that he was not an equitable or beneficial holder or owner of the same; this is shown clearly by the deposition of the appellee.

The law is, that in order to entitle a person to maintain a suit upon a promissory note, such person must be the legal or equitable holder or owner of the note at the time of the commencement of the suit. *Moore* v. *Maple et al.*, 25 Ill. 343.

We call attention to the above case in the 25th Illinois. *Thatcher* v. *Winslow*, 5 Mason, 58; 14 Pickering, 173; 25 Ill. 178.

In order to constitute the appellee the legal holder or owner of the note, the indorsement of J. H. Dunham, the payee, should have been filled up. Parsons on Contracts, vol. 1, 204—212; *Scammon* v. *Adams et al.*, 11 Ill. 575; *Wilder* v. *De Wolf*, 24 Ill. 190; *Hance* v. *Miller*, 21 Ill. 636; *Parks* v. *Brown*, 16 Ill. 454; 2 Scam. 247, 433.

Where a note is indorsed in blank, it passes by delivery, and whoever happens to be the holder or owner is presumed by law, until the contrary appears from evidence *aliunde*, to be a holder or owner for value, and may sue upon such note, and at the trial fill up the indorsement to himself, so as to make himself the legal holder or owner. But if it appears from the evidence *aliunde*, that the person suing upon the note is not the equitable holder or owner of the same, and the blank indorsement has not been filled up so as to make the note payable to him, then the person suing has no right at the trial to fill up the indorsement to himself, and is not entitled to recover. 25 Ill. 343; 19 Ill. 572.

SCAMMON, McCAGG & FULLER, for Appellee.

"The filling up of a blank indorsement is a mere matter of form, and may be dispensed with altogether." *Gillham* v. *The State Bank*, 2 Scam. 245.

"If an objection, which can be obviated by further proof,

be not taken, or is not insisted on at the trial, it will not be received as the ground for a motion for a new trial." Same case, and another between the same parties, 2 Scam. 248.

"It is well settled, the signature of the indorser on the back of a negotiable note, or bill of exchange, is in itself a complete and perfect indorsement." Edwards on Bills, 272.

"The filling up of a blank indorsement is a formality wholly unnecessary." *McDonald* v. *Baily*, 14 Maine, 101.

"The holder of a negotiable note, by a blank indorsement, may maintain an action upon it, without filling up the blank." *Chewning et al.* v. *Gatewood*, 5 Howard's (Miss.) 552; Chitty on Bills, 262, 263, top.

The note was delivered to Sherman by Dunham, the payee, indorsed in blank, with a request to sell it for him, and if he could not, to collect it for him. This made Sherman a legal holder of the note, and he might sue upon it in his own name, notwithstanding the money might not be his when collected. *McHenry* v. *Ridgely*, 2 Scam. 309.

"In the case of negotiable paper, a suit may be brought in the name of a person having no interest in the contract. He may sue as trustee for those who are interested. Why should the defendant give himself the trouble to investigate the plaintiff's title? He owes the money to some one, and is not deprived, in such a suit, of any defense which he may have as against the real owner." *Gage* v. *Kendall*, 15 Wend. 640; Edwards on Bills, 660, and notes; Chitty on Bills, 607, 608, top, and notes.

"Of the right of a mere trustee to maintain an action, by the consent of the one beneficially interested, in his own name, upon a promissory note, payable to bearer, for the benefit of the real owner, there can be no doubt." *Boardman* v. *Roger et al.*, 17 Verm. 589.

If Laflin had any defense to the note, he might have set it up, and proved it against the plaintiff, but none was alleged, or attempted to be proved; and as no reason is shown why the note should not be paid to some one, he may as well pay it to the party who is by law authorized to sue upon it. *Parks* v. *Brown*, 16 Ill. 455.

The case of *Moore* v. *Maple et al.*, 25 Ill. 341, differs from this, in the very obvious particular, that this suit was begun by Sherman's direction, from Dunham; and the latter had not only directed him to collect it, but had sent him the note for that purpose, and had also indorsed it; but in Moore's case, these elements were all wanting, for there the note never was assigned or delivered to the plaintiff until the trial, and then an assignment of it to the plaintiff was made, in the name of one who had given no authority to do it.

As the plaintiff had the legal title, and lawful possession of the note in this case, and no objection was made, at the trial, of the omission of the "mere form" of filling up a blank indorsement, and Laflin had full opportunity to make a defense against the note, if he had one, which is not pretended, we submit the judgment below should be affirmed.

CATON, C. J.   This note had been indorsed by the payee to the plaintiff for collection, and had been accepted by him for that purpose, and this action commenced.   This made him as much the legal holder of the note as if he had paid for it and taken it exclusively for his own benefit.   It is not error, then, that the indorsement was not filled up with the name of the plaintiff on the trial, when there was no objection made to it on that account, as was the case here, as appears from the record.   *Gillham* v. *State Bank*, 2 Scam. 245.

This was widely different from the case of *Moore* v. *Maple*, 25 Ill. 341.   There the plaintiff had no interest in the note, and no right to receive the money upon it.   He was an entire stranger to it, and never knew that such a note existed, and the action was commenced in his name without his knowledge or consent.   In such a case we held, that the action could not be maintained on the note, where it was not actually filled up on or before the trial.   The discriminating mind can have no difficulty in perceiving the difference between that case and this.

The judgment must be affirmed.        *Judgment affirmed.*