THE BANK OF KANSAS CITY v. MARY E. MILLS, *et al.*

1. WRIT OF ERROR, *To Reverse Ruling on an Interplea; Sufficient Transcript.* Where proceedings in error are prosecuted in this court to reverse the ruling of the district court, holding that an interplea does not state facts sufficient to entitle the interpleader to any relief, and the transcript contains all the pleadings, orders and entries of record in the case, the record cannot be successfully challenged as fatally defective, owing to the absence of affidavits and evidence attempted to be incorporated improperly into a skeleton bill of exceptions.

2. BILL OF EXCHANGE, *Bona Fide Holder of; Misapplication of Proceeds by Agent.* A bank owning a bill of exchange returned it after dishonor, of which the drawers had notice, to F., the indorser, for collection. He failed to pay the amount of the bill, but, while holding it for collection, fraudulently procured one of the drawers to execute, in payment of the bill, two notes and a mortgage to one M., to satisfy his own indebtedness to M. The latter accepted the notes and mortgage in good faith for the debt of F., who at the time was insolvent. *Held,* That as F. was an indorser, and in the possession of the bill, the drawers had the legal right, in the absence of notice to the contrary, to treat F. as the *bona fide* holder and owner of the bill, and to settle with him therefor upon terms mutually satisfactory to the indorser and themselves. *Held, further,* That the bank was entitled to the notes and mortgage procured to be executed to M. by F., because F., being the agent to collect the draft, had no authority to appropriate the proceeds of the draft belonging to his principal to the payment of his own debt.

*Error from Cloud District Court.*

MARY E. MILLS, one of the defendants in error, commenced her action in the district court of Cloud county, December 22d, 1879, against L. A. Frasius and F. W. Frasius, to recover $266.50, with interest at the rate of 12 per cent. per annum from August 16th, 1879, upon two notes executed by L. A. and F. W. Frasius, and to foreclose a real-estate mortgage given to secure the same. On January 17th, 1880, the makers of the notes and mortgage filed the following affidavit (court and title omitted): ·

"L. A. & F. W. Frasius, the above-named defendants, depose and say upon their oath, that they are the defendants. above named; that they have been sued by the plaintiff upon two promissory notes and a mortgage given for the sum of $266.50 and interest, as stated in the petition filed in this case; that the Bank of Kansas City, in the state of Missouri, makes a claim to the subject of the said action, and also demands payment from the defendants for the same without any collusion whatever with said defendants; these affiants are ready to pay or dispose of said claim and demand as the court may direct. Affiants request that the said Bank of Kansas City may be required to appear and prosecute, or relinquish its said claim.                                    F. W. FRASIUS.

L. A. FRASIUS.

"Subscribed and sworn to before me, this 16th day of January, 1880.

· (Seal.)    · ·        LEWIS W. BORTON, *Notary Public.*"

On January 24th, 1880, the Bank of Kansas City filed the following pleading (court and title omitted):

"*Interplea of Bank of Kansas City:* Now comes the Bank of Kansas City and submits its interplea as a party defendant in the above-entitled case, and for answer to the petition of plaintiff, says: That it is now and was at the various times hereinafter mentioned, a corporation organized and incorpo- rated under the laws of the state of Missouri, and engaged in a general banking business in the city of Kansas City, Missouri; and said answering defendant further says, that on the 23d of June, 1879, the firm-name of Frasius and Withaup executed and delivered to the said Mary E. Mills, under the

name of Mrs. Fred. Mills, a certain bill of exchange, of which the following is a copy, to wit:

"'$353.45.            CLYDE, KANSAS, 6–23–1879.

" 'At sight, pay to the order of Mrs. Fred. Mills three hundred and fifty-three 45-100 dollars, value received, and charge the same to account of

FRASIUS & WITHAUP.

"'To William Young & Co., Chicago, Ill.'

"That thereafter the said Mary E. Mills, under the name of Mrs. Fred. Mills, sold and delivered said note [bill] to one J. A. Farnham, and at the time of said sale and delivery, indorsed said note [bill] as follows, to wit: 'Mrs. Fred. Mills, pr. A. Blackner. Without recourse.' That thereafter, and before the presentation of said bill of exchange for payment to said Wm. Young & Co., the said J. A. Farnham for value received indorsed and delivered said bill of exchange to this answering defendant, which indorsement is as follows: 'Pay to J. M. Smith, Cash. J. A. Farnham;' the said J. M. Smith being the cashier of said defendant, the Bank of Kansas City. And this answering defendant further says, that on the 27th day of June, 1879, it caused said bill of exchange to be duly presented to said Wm. Young & Co., at Chicago, Illinois, for payment, and that payment thereof was then and there refused; whereon, on said day and year last above mentioned the said bill, at the request of this defendant, was duly and legally protested for non-payment, of all which said demand, non-payment and protest the said defendant, F. W. Frasius, had due and legal notice. And this answering defendant further says, that after the non-payment and protest of said bill as aforesaid, it returned said bill to the said J. A. Farnham, at Clyde, Kansas, for collection and payment from the drawers and indorsers, and that after the receipt of said bill, the said J. A. Farnham did not collect and pay the proceeds of said bill to this defendant, but fraudulently attempted to convert the same to his own use and profit without the knowledge or consent of this defendant. And the said J. A. Farnham being then indebted to the said defendant, Mary E. Mills, and representing that he was the owner of said bill and entitled to payment thereon, fraudulently procured the said F. W. Frasius to execute and deliver to the said Mary E. Mills the notes and mortgage sued upon and set out in plaintiff's petition, in part satisfaction and payment of said bill, and for the purpose of discharging the debt due from the said Farnham to the said plaintiff. And this defendant further says, that at the time of the return of said bill to the

said Farnham for collection and payment, and at the time of the execution and delivery of said notes sued upon and set out in plaintiff's petition as aforesaid, the said J. A. Farnham was wholly insolvent and unable to pay his debts, which fact was not then known to this defendant, but as soon as this defendant ascertained the insolvency of said Farnham, it notified the said defendant, F. W. Frasius, that it would hold him liable on the said bill as one of the drawers thereof. And this defendant says, that the notes and mortgage sued upon and set out in plaintiff's petition are without consideration and are void; that the said defendant, F. W. Frasius, and the said firm of Frasius & Withaup, were not indebted to the said J. A. Farnham upon the said bill of exchange as falsely and fraudulently claimed by the said Farnham when he procured the said defendants, L. A. Frasius and F. W. Frasius, to execute and deliver to plaintiff said notes and mortgage, but that said Frasius, Withaup and Farnham were then indebted and liable to this defendant on said bill. And this answering defendant further says, that the said notes and mortgage set out in plaintiff's petition were executed by the said L. A. Frasius and F. W. Frasius, for the purpose of paying off and discharging the liabilities of said Frasius and Withaup, as drawers of said bill of exchange, and for no other consideration whatever, and that said Frasius and Withaup executed and delivered to said plaintiff the said notes and mortgage, under the false and fraudulent representation of said Farnham, that he was the owner of said bill of exchange. Said answering defendant says that it is now the owner of said bill of exchange, that no part thereof has been paid, and that the said defendant, F. W. Frasius, is liable to this defendant on said bill as one of the drawers thereof.

"Wherefore, said defendant, the Bank of Kansas City, asks for judgment against said F. W. Frasius in the sum of three hundred and fifty-three and $\frac{45}{100}$ dollars, with interest thereon from June 27, 1879. And said answering defendant further prays that it may be subrogated to the rights of the said plaintiff in the mortgage set out in plaintiff's petition, and that the court will decree the foreclosure of said mortgage and order the said premises therein described, to wit, lot No. 11, in block No. 5, Kennedy's addition to the city of Clyde, Cloud county, Kansas, to be sold according to law, and the proceeds of said sale to be applied in payment of said judgment and costs, and that execution be awarded

against the said F. W. Frasius for any balance that may remain due after the application of said proceeds, and for such other and further relief in the premises as this defendant may be entitled to. .        L. W. BORTON,
· McCLURE & HUMPHREY,
*Attys. for Bank of Kansas City, Def't.*"

On April 28, 1880, Mary E. Mills filed a motion to strike from the files the interplea. This motion was heard April 29, 1880, and sustained by the court, on the ground that the interplea failed to state any cause of action for which an interplea could be filed. *The Bank* excepted to the ruling and decision of the court, and brings the case here.

*McClure & Humphrey,* for plaintiff in error.

*W. W. Smith,* and *Everest & Waggener,* for defendant in error, Mary E. Mills.

The opinion of the court was delivered by

HORTON, C. J.: A preliminary question is presented by the defendant in error, Mary E. Mills, challenging the record by a motion to eliminate from the consideration of this court the bill of exceptions. It is alleged and proved that the original bill contained none of the pleadings, motions, affidavits or other papers now inserted in the copy of the transcript attached to the petition in error, and that the bill, when allowed and signed, was what is familiarly known as a "skeleton bill." The court below appears to have recognized the right to interplead, but treated the motion in the nature of a demurrer, and sustained it on the ground that the facts stated in the interplea were not sufficient to entitle the interpleader to any relief in the action. Now the office of a bill of exceptions is to bring upon the record only proceedings which do not of right and of course go upon the record; the petition, interplea, motion and journal entries are a part of the record, independent of any bill of exceptions; and as the clerk of the district court has certified to us that the transcript contains all the pleadings, orders and entries of record in the case, and as we are only called upon

to review the order of the court upon the motion or demur-
rer to the interplea, the omission of the affidavits, and all
other matters not of right of record from the "skeleton bill,"
does not prevent our considering the ruling of the court.

From the allegations in the interplea, admitted to be true,
it is conclusively shown that on the 23d of June, 1879, F.
W. Frasius, one of the defendants, under the firm-name of
Frasius & Withaup, drew a sight draft for $353.45 in favor
of Mary E. Mills, on Wm. Young & Co., of Chicago; there-
after, Mrs. Mills sold and indorsed said draft (without
recourse) to one F. A. Farnham. Before said draft was pre-
sented for payment, Farnham, for value received, indorsed
and delivered the same to the Bank of Kansas City. On the
27th of June, 1879, the Bank of Kansas City caused the draft
to be duly presented to Wm. Young & Co. for payment,
which was refused, and whereupon the draft was duly and
legally protested, and notice of the presentation and non-
payment given to F. W. Frasius. Thereafter, the Bank of
Kansas City returned the draft to J. A. Farnham, from whom
it had received it, for collection against the drawers. After
the receipt of the draft, Farnham attempted fraudulently to
convert the same to his own use without the knowledge or
consent of the Bank of Kansas City; and by falsely repre-
senting to F. W. Frasius that he was the owner of the draft,
procured him to execute and deliver to Mrs. Mills the notes
and mortgage sued upon by her in this case, Farnham at the
time being indebted to Mrs. Mills. The said notes of Fra-
sius so procured were then turned over to Mrs. Mills, in sat-
isfaction of the debt due her from Farnham. At the time
of this transaction, Frasius & Withaup were not indebted to
Farnham, and the notes and mortgage were executed and
delivered solely for the purpose of discharging the liability
of Frasius & Withaup, as drawers of the draft in favor of
Mrs. Mills on Wm. Young & Co., under the false and fraud-
ulent representation of Farnham, that he was the owner of
said draft; Farnham was insolvent, and unable to pay his
debts when the notes were executed to Mrs. Mills. No part

of said draft of $353.45 has been paid to the Bank of Kansas City.

As Farnham was an indorser of the draft, and was in the possession thereof when he presented it to the drawers for payment, and as the drawers had no notice to the contrary, F. W. Frasius had the legal right to regard him as the *bona fide* holder and proprietor thereof, and to pay or settle with him upon any terms mutually satisfactory. This, upon the principle that the possession of a draft by any subsequent indorser is *prima facie* evidence that he is the true and lawful owner thereof, and that he has re-acquired the full title, and being the ostensible owner as to the drawers, and all persons liable on the bill prior to his indorsement, such indorser has the right to settle the claim upon such terms as he and the drawer, or other prior indorser (liable in the bill), may agree upon. (Story on Notes, § 452; *Dugan v. United States*, 3 Wheat. 172; 2 Daniel on Neg. Inst., § 1229.) Therefore, F. W. Frasius, acting for the firm of Frasius & Withaup, and dealing with Farnham in good faith, cannot be held liable to the bank for the fraud of Farnham, or responsible in any way for his acts. The drawers are therefore no longer liable on the draft. If they had been notified, prior to the execution of the notes and mortgage to Mary E. Mills, that Farnham held the draft for collection only as the agent of the bank, then they could have discharged their liability on the draft only by the payment of money, as an agent authorized to collect a draft, in the absence of special authority, can receive in absolute payment thereof nothing but that which the law declares to be a legal tender, or which by common consent is considered and treated as money, and passes at par. (*Ward v. Smith*, 7 Wall. 452; *Herriman v. Shomon*, ante, p. 387; 2 Daniel on Neg. Inst., § 1245.)

Mary E. Mills occupies a different position. After she had transferred the draft, under the name of Mrs. Fred. Mills, by indorsement, *without recourse,* she was not liable thereon. After such transfer of all her title, and after she had relieved herself of all liability on such draft, she obtained the notes

and mortgage at the procurement of Farnham, to pay the individual debt of Farnham to herself. Frasius & Withaup owed her nothing; the Bank of Kansas City owed her nothing; her debt was solely against Farnham. He held the draft only as agent of the bank; and while the drawers, by commercial usage, had the legal right to treat Farnham as the owner, and settle with him accordingly, Mrs. Mills had no legal right to take the proceeds of the draft, or the notes and mortgage executed to her virtually as the proceeds or fruits of the draft, to apply on Farnham's debt, as such property belonged to the bank, and not to Farnham. He could have used any other personal property of the bank in his possession as agent, as lawfully in payment of his debt, as the draft, or the notes given in payment of it.

Counsel for defendant in error argue that as Mrs. Mills was not a guilty party to the fraudulent conduct of Farnham, and as it does not appear in the interplea that she had notice of his fraudulent acts prior to the execution of the notes and mortgage, she ought to recover thereon. The good faith of Mrs. Mills does not concern the controversy. She had no legal right to obtain the property of a principal, in the possession of the agent, to discharge a personal debt of the agent, without consent of the principal, however innocently she may have acted in the transaction. She may be innocent in fact, but not in law. When property has been applied thus wrongfully by the agent, the creditor cannot retain it if the principal pursues his proper remedy to recover it. Again, Mrs. Mills suffers no injustice by the enforcement of this well-recognized doctrine. She will fail, as she ought, to recover her debt from Farnham out of the property of the bank; but she has not lost her claim against Farnham, which has in fact never been paid. It still exists. Furthermore, the delay growing out of her accepting, innocently, the notes and mortgage upon her claim has not greatly prejudiced its collection, as the allegations of the interplea show Farnham was insolvent at the time of the procurement of the notes and mortgage.

The bank is entitled to have the notes and mortgage or their proceeds turned over to it, and the interplea ought not to have been stricken from the files.

The order and judgment of the district court will be reversed.

All the Justices concurring.