HARRY M. HENDERSON *et al.*

*v.*

H. D. DAVISSON.

*Filed at Springfield October 14, 1895.*

1. BILLS AND NOTES—*ownership presumed from possession of note.* Possession of a negotiable note is *prima facie* evidence of ownership by the possessor.

2. SAME—*beneficial interests in note not regarded in determining right of action.* An endorsement and delivery of a note by the endorsee thereof to a bank as collateral security will not defeat recovery on the note by such endorsee, upon re-delivery of the note to him by the bank for that purpose, the beneficial interest in such note, as between the plaintiff and another, being a matter with which the defendant has no concern.

3. APPEALS AND ERRORS—*ten per cent damages on appeal taken for delay.* A judgment of the Appellate Court will not be affirmed, on motion, under the statute, and ten per cent damages assessed, on the ground that the appeal was taken for delay, where the record presents questions of law for decision.

*Henderson* v. *Davisson,* 57 Ill. App. 17, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

The note in controversy for $1435, executed by appellants, Harry M. and Frank R. Henderson, to one J. C. Phillips as payee, was sold and endorsed by Phillips to appellee, H. D. Davisson. Appellee afterwards borrowed $400 from the People's Bank and pledged the Henderson note as collateral, by endorsing his name on the note and delivering possession of it to said bank. On April 12, 1894, the Hendersons refusing to pay their note, then past due, appellee called, with his attorney, one Lillard, at the People's Bank and procured possession of this note against appellants, so he could sue upon it in his own name, and by judgment and execution compel its payment by appellants. Defendants in the court below objected to the introduction of the note, on the ground that the legal title to the note was in the People's Bank, and they made the point that the bank alone could bring the suit, but the court overruled the defendants' objections and finally rendered judgment for the plaintiff for $1563.87. There were no disputed questions of fact, the controversy being solely on questions of law. The trial was had before the court, without a jury.

The defendants submitted the following propositions of law to be passed on by the court, and asked the court to hold the same:

"*First*—The legal title to a note endorsed as collateral security is in the party holding such note as collateral.

"*Second*—The legal title to the note in suit, as shown by the testimony, is in the People's Bank, and not in the plaintiff, and no recovery can be had thereon by the plaintiff in this suit.

"*Third*—The note in suit was endorsed by plaintiff to the People's Bank for collateral security.

"*Fourth*—The mere loaning of the note to bring suit thereon, by the bank to the plaintiff, did not re-invest the plaintiff with the legal title so that suit could be maintained in his own name, the evidence showing the bank still held the note as collateral."

The court refused all the propositions except the first, and this action of the court was assigned as error. On appeal to the Appellate Court for the Third District the judgment was affirmed.

JOHN E. POLLOCK, NEVILLE & LINDLEY, and EZRA M. PRINCE, for appellants.

LILLARD & WILLIAMS, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The note having matured and suit been instituted thereon, if a judgment is rendered no subsequent holder can thereafter maintain a recovery on the same. (*Middleton* v. *Griffith*, 31 Atl. Rep. N. J. 405.) It is a matter with which the defendant has no concern as to rights between the plaintiff and another in the beneficial interest in the judgment, unless his defense is set off, payment, etc. *Parks* v. *Brown*, 16 Ill. 454.

Possession of the note is *prima facie* evidence of ownership, and a payee or endorsee in possession may recover, notwithstanding an endorsement of his name on the back thereof. (*Gillham* v. *State Bank*, 2 Scam. 245; *Laflin* v. *Sherman*, 28 Ill. 391; *Palmer* v. *Gardiner*, 77 id. 143; *Best* v. *Nokomis Nat. Bank*, 76 id. 608.) Notwithstanding the endorsement, the plaintiff, when the note again comes to

his possession, may disregard the endorsement or strike it out. Its existence does not defeat a recovery. *Parks* v. *Brown,* 16 Ill. 454; *Richards* v. *Darst,* 51 id. 140; *Humphrey-ville* v. *Culver, Page, Hoyne & Co.* 73 id. 485; *Palmer* v. *Gardiner, supra; Best* v. *Nokomis Nat. Bank, supra.*

The purpose for which the note was delivered to the plaintiff, with the manner of the endorsements, was sufficient to authorize suit in the plaintiff's name.

The third proposition stated a fact shown by the evidence, and ignores the fact of the return of the note to the plaintiff, and possession, etc. The second and fourth propositions have the same vice. It was not error to refuse those propositions.

The note was admissible in evidence, and it was not error to enter judgment thereon. Nor was it error in the Appellate Court to affirm that judgment.

A motion is entered in this court to affirm the judgment and assess ten per cent damages because the appeal is alleged to be taken for delay. That motion can not be sustained under the questions presented on this record. Questions of law are here presented.

The judgment is affirmed.

*Judgment affirmed.*