## James H. Van Vlissingen v. Caroline Roth.
### Gen. No. 11,737.

1. PROMISSORY NOTE—*what prima facie evidence of ownership, notwithstanding endorsement.* Possession of a promissory note is *prima facie* evidence of ownership, notwithstanding an endorsement thereon by the payee to another person which appears as uncanceled.

2. OBJECTION—*when comes too late.* An objection which if made at the trial could have been then obviated, comes too late on appeal.

3. TRIAL—*discretionary with court, not to delay.* It is within the discretion of the trial court to refuse to delay a trial which has been entered upon for the purpose of giving the defendant opportunity to appear and interpose a defense.

4. AD DAMNUM—*when sufficiency of, cannot be questioned.* The size of the *ad damnum* cannot be questioned on appeal where the question was not raised on the trial, nor in the motion for new trial, nor in the assignment of errors.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed October 6, 1905.

L. W. JAMES, for appellant.

FRANK M. FAIRFIELD, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action in assumpsit upon a promissory note made by appellant payable to appellee for $2,500. At the conclusion of the plaintiff's evidence, no evidence having been offered by the defense, the court directed the jury to return a verdict in favor of the plaintiff for $3004.33, which was done.

The note bears an endorsement as follows: "Pay to the order of Luella Heinroth without recourse on me. Caroline Roth." Appellant's attorney urges that the court erred in admitting the note in evidence because there was no re-endorsement to appellee by Luella Heinroth. None was necessary. The note appears to have been in possession of appellee when the suit was brought and she was the payee. Her possession was *prima facie* evidence of ownership. In

such case the law will presume that the payee either has not parted with its possession or has paid the amount to the special endorsee, and the payee may be permitted on the trial to strike off the special endorsement.   Best v. Nokomis National Bank, 76 Ill., 608-610; Palmer v. Gardiner, 77 Ill. 143-146; Richards v. Darst, 51 Ill., 140-141.   When the note was offered in evidence objection was made to its introduction only on the ground that no proof of signature had been made.   This was properly overruled and no other objection appears to have been offered.   An objection which might have been obviated if made at the trial, comes too late when made for the first time in this court.   It should have been stated specifically in time to afford opportunity to obviate it at the time in order to be available.   Schroeder v. Walsh, 10 Ill. App., 36-39.   There was no error in permitting the note to be read in evidence, notwithstanding the said endorsement.

It is assigned for error that the court erred in refusing proper evidence offered on the part of appellant.   So far as we can discover no evidence at all was offered in defense. It appears, however, that when the plaintiff rested, the defendant's attorney stated to the court that "the defendant was here a moment ago.  I believe he is in the hall.  If you will stay the trial a moment I will call him."   The court replied, "I don't think we will wait for him"; and thereupon prepared and gave the instruction to the jury to find in favor of the plaintiff.   No reason is assigned for the defendant's absence.   It was his duty to be present to give his testimony if he had any defense to offer.   There is no reason to suppose so far as appears from the record that he had any.   Indeed it seems quite obvious that he did not have.   It was within the discretion of the court to wait or not as should be deemed proper.   Illinois Central R. R. Co. v. Slater, 139 Ill., 190-200.   It is quite evident that there was no abuse of that discretion in this case.   Bruson v. Clark, 151 Ill., 495.

The original *ad damnum* was, it is said, $3000.   The verdict was $4.33 in excess of that sum.   No specific objection calling attention to this alleged error appears in the record.

The motion for a new trial states as one of the reasons assigned that the "verdict was excessive." Even that does not appear in the assignment of errors. The objection that a verdict exceeds the *ad damnum* cannot be raised in this manner. If in this case it does so exceed it, the fact should have been pointed out to the trial court where the correction would have been promptly made. As said in The Prairie State Loan & Building Association v. Gorrie, 167 Ill., 414-419: "It should have been specially stated in the objection that the amount of the verdict exceeded the *ad damnum.*" In the absence of such specific objection the question cannot be raised for the first time in this court. Traders Mut. Life Ins. Co. v. Humphrey, 109 Ill. App., 246-259.

The judgment of the Superior Court will be affirmed.

*Affirmed.*