[No. 4827.]

GUMAER ET AL. V. JACKSON.

1.  **Appellate Practice—Objection Made for First Time on Appeal.**

    Where, in an action on a promissory note, the note was introduced in evidence bearing plaintiff's indorsement, and the defendant objected to its introduction upon the sole ground that the complaint did not state a cause of action, he cannot for the first time on appeal object that the proof of ownership was not sufficient in the absence of an explanation of plaintiff's indorsement.—P. 41.

2.  **Bills and Notes—Indorsement—Possession—Prima Facie Evidence of Ownership.**

    Possession of a promissory note, though indorsed by plaintiff, is prima facie evidence of ownership.—P. 41.

*Appeal from the District Court of Fremont County.*
*Hon. M. S. Bailey, Judge.*

Action by William S. Jackson against E. L. Gumaer and A. R. Gumaer. From a judgment in favor of plaintiff, defendants appeal. *Affirmed.*

Mr. JAMES T. LOCKE, for appellants.

Messrs. CHAMPION & BLUNT, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court:

The complaint alleges the assignment, for a valuable consideration and before maturity, to William S. Jackson of a certain promissory note for the principal sum of three thousand dollars, payable two years after January 2, 1901. The note is set out in the complaint. The plaintiff, alleging that he is the legal holder thereof, prays judgment for three thousand dollars and interest at seven per cent. from the date of the note. The answer admits the execution of the note, and pleads an extension agreement and that the plaintiff had knowledge of the agreement. The replication denies the material parts of the answer.

The trial resulted in a judgment for the plaintiff in accordance with the prayer of the complaint, and the defendants appeal. At the trial the note was received in evidence over defendants' objection. Plaintiff testified that he was the owner of the note at the time of the institution of the suit and that there was due $3,609.56. The plaintiff rested. The defendants offered no testimony. The assignments are that the judgment is contrary to law and is unsupported by the evidence, and that there was not sufficient evidence of ownership. The note bears the indorsement of the payee as well as that of William

S. Jackson. There is no merit in the appeal. The defendants' objection to the introduction of the note was that the complaint did not state a cause of action. If the defendants had then objected that the owner-ship of the note had not been sufficiently proved and that it devolved upon the plaintiff to explain his indorsement of the note, the plaintiff might have overcome the objection by the introduction of further proof, or might have explained his indorsement. Having failed to do this at the proper time, they cannot now be heard to say that the proof of ownership was not sufficient. Moreover, there is no merit in the objection; if the point that the objection here is different than at the trial be waived, the possession of the note is *prima facie* evidence of ownership.

The judgment is affirmed.                    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMP-BELL concur.