## CHAFFEE v. SHARTEL.

No. 3971.   Opinion Filed April 27, 1915.

(148 Pac. 686.)

1.    **BILLS AND NOTES—Actions—Parties—Holder of Legal Title.**
      An action by a party holding the legal title to a promissory note, notwithstanding there may be parties beneficially interested in

said note, is properly brought in the name of the party holding the legal title to such note.

2.    APPEAL AND ERROR—Findings of Court—Evidence. Where a case is tried by the court without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence.

(Syllabus by Collier, C.)

*Error from District Court, Oklahoma County;*

*W. R. Taylor, Judge.*

Action by John W. Shartel against Gertrude Chaffee. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. V. Cabell,* for plaintiff in error.

*John W. Shartel, pro se,* and *Burke Shartel* and *Kent W. Shartel,* for defendant in error.

COLLIER, C. This is an action instituted by defendant in error, hereinafter called plaintiff, against plaintiff in error, hereinafter called defendant, in the district court of Oklahoma county. to recover upon two promissory notes, each in the sum of $1,000, and attorney's fees, executed by defendant to plaintiff, and to foreclose a mortgage given upon real estate to secure payment of said notes. The execution of the notes and mortgage by defendant to plaintiff is admitted by defendant's pleadings and by the evidence. The attempted defense set up in the answer is: That plaintiff is not the owner of the notes, but that they were sold and delivered to Cannon & Cobb, of El Reno, since which time they have been the property of the assignees, and that said Shartel has no interest in them whatever. The answer was not verified.

The only evidence in the case is that given by defendant, tending to support her allegation as to the ownership of said notes, which was denied by plaintiff's evidence; plaintiff testifying that he was not only the legal owner and had not transferred the notes, but was one of the equitable owners of said notes and

mortgage sued on. A trial was had to the court upon this evidence, resulting in a judgment against defendant for the sum of $2,278.80, together with $217 attorney's fees. Motion for new trial was filed in due time, which motion was overruled by the court and exceptions saved. To reverse said judgment this appeal is presented.

The only assignment of error is that the decision of the court is not sustained by sufficient evidence and is contrary to law. Notwithstanding the uncontroverted evidence disclosed that there are other parties beneficially interested in the notes sued upon, the action was properly brought in the name of plaintiff. Section 4683, Rev. Laws 1910; 15 Enc. Pl. & Pr. 715, note 1.

The evidence fairly supports the finding of the trial court, and the action of the trial court is free from error. *Semple v. Baken,* 39 Okla. 563, 135 Pac. 1141; *Thigpen v. Risby,* 39 Okla. 598, 136 Pac. 418; *McNeal v. Nagle,* 40 Okla. 521, 139 Pac. 958.

The judgment should be, in all things, affirmed.

By the Court: It is so ordered.