## WALDOCK v. WINKLER.

No. 5648.  Opinion Filed October 5, 1915.

(152 Pac. 99.)

1. **DISMISSAL AND NONSUIT—Parties—Ownership of Note.** In an action upon a negotiable promissory note, the question of the ownership of the note sued on cannot be raised by a motion to dismiss or by a demurrer, but can be raised by answer only.

2. **BILLS AND NOTES—Ownership—Possession by Payee—Effect as Evidence.** The possession of a note by the payee is **prima facie** evidence of ownership, even though the note shows an indorsement by the payee, uncanceled.

(Syllabus by Mathews, C.)

*Error from County Court, McCurtain County;*
*E. E. Cochran, Judge.*

Action by George Winkler against A. J. Waldock. Judgment for plaintiff, and defendant brings error. Affirmed.

*Newton W. Gore,* for plaintiff in error.

*T. A. Hope* and *R. W. Skipper,* for defendant in error.

Opinion by MATHEWS, C.  This action was instituted upon a negotiable promissory note by George Winkler, the payee in the note, against A. J. Waldock, the maker thereof.  The parties hereto will be designated as in the court below.  The note was made payable to the order of the said George Winkler, and bears the following indorsement:

"George Winkler.

"Pay Bank of Garvin, Garvin, Okla., or order, for collection, for account of the Savings Bank of Peoria, Peoria, Ill.                    M. C. HORTON, Cashier."

This indorsement is uncanceled, and not referred to, or explained in plaintiff's petition, which is an ordinary petition in a suit upon a promissory note.

Defendant filed against the petition a motion to dismiss the action upon the ground that the copy of the note attached to the petition "shows upon its face that the plaintiff has no interest in or to the note sued upon." Such a motion operated as a demurrer to the petition, and was so treated in the trial court. The same was overruled, the defendant elected to stand upon the same, judgment was entered against him, and he perfected an appeal to this court, assigning as error the overruling of his demurrer and the entering of judgment against him.

The action of the trial court is sustained by either of the two following theories:

1.   The case of *Moore et al. v. Leigh-Head & Co.*, 48 Okla. 228, 149 Pac. 1129, following the well-considered and exhaustive case of *Berry et al. v. Barton et al.*, 12 Okla. 221, 71 Pac. 1074, 66 L. R. A. 513, is directly in point and decisive of the question presented in the case at bar.   In that case the action was instituted upon a surety bond made payable to a firm.   The firm was afterwards dissolved, and one of the partners succeeded to the assets, including the bond.   The bond having been breached, suit was instituted thereon in the name of the firm, and the defendants at the trial moved a dismissal of the action upon the grounds that the suit was instituted in the name of the firm, when the evidence showed that one of the members had taken over the assets and was the only party in interest, and upon the question thus presented this court held:

"In an action on a bond, where the defendants have not shown that they have a defense to the bond, the

question as to who the real party in interest is does not concern the defendants. Except where the defendants have pleaded a defense of *mala fide* possession or one which turns upon a point involving the personal conduct of the alleged real party in interest, the defendants will not be heard to complain that the plaintiffs, in a suit on a bond, are not the real parties in interest."

If It be true that the plaintiff in the case at bar is not the owner of the note sued upon by him, then that fact cannot be raised by a motion to dismiss or by a demurrer, but can be raised by answer only.

2. The possession of a note by the payee is *prima facie* evidence of ownership, even though the note shows an indorsement by the payee which is uncanceled.

The case of *Bynum v. Hobbs,* 56 Tex. Civ. App. 557, 121 S. W. 900, holds:

"It is insisted that the court should have excluded two of the notes sued upon because of the fact that they bore the indorsement of Hobbs, the contention being that such indorsement divested the title out of him; but we think this contention cannot be sustained. Appellee, Hobbs, was in possession of the notes alleging himself to be the owner, and the indorsement was wholly under his own control. It could have been erased without affecting the validity of the notes. In the form shown the notes could have been sued upon by any possessor, the mere possession being presumptive evidence of ownership."

Possession of a note, though indorsed by plaintiff, is *prima facie* evidence of ownership. *Gumaer v. Jackson,* 37 Colo. 39, 86 Pac. 885.

The payee of a note who is in possession of it is presumed to own it, although his indorsement thereon may not be canceled. He may sue upon the note, and his title to it cannot be inquired into, unless it be necessary for

the protection of the defendant or to let in the defense which he seeks to make. *Carolina Locust Pin & Mica Co. v. Chattanooga Machinery Co.*, 3 Ga. App. 732, 60 S. E. 375.

It is a matter with which the defendant has no concern as to rights between the plaintiff and another in the beneficial interest in the judgment, unless his defense is set-off, payment, etc. *Parks v. Brown*, 16 Ill. 454.

Possession of the note is *prima facie* evidence of ownership, and a payee or indorsee in possession may recover, notwithstanding an indorsement of his name on the back thereof. *Laflin v. Sherman*, 28 Ill. 391. Notwithstanding the indorsement, the plaintiff, when the note again comes to his possession, may disregard the indorsement or strike it out. Its existence does not defeat a recovery. *Parks v. Brown*, 16 Ill. 454; *Henderson et al. v. Davisson*, 157 Ill. 379, 41 N. E. 560; *Williams v. Norton*, 3 Kan. 295; *Alderton v. Williams et al.*, 130 Mich. 626, 90 N. W. 661; *Van Vlissingen v. Roth*, 121 Ill. App. 600; *Bank of Kansas City v. Mills*, 24 Kan. 604.

For the reasons given, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.