## STOCKER v. DOBYNS-LANTZ HDWE. CO.

No. 13140—Opinion Filed March 4, 1924.

(Syllabus.)

**Bills and Notes—Action by Holder of Note —Questioning Plaintiff's Title.**

The payee of a negotiable promissory note, in possession thereof, may maintain an action thereon in his own name although another may be the beneficial owner thereof, and the title or interest of the holder of the note or his right to maintain an action thereon cannot be disputed or inquired into by the maker of the note unless necessary for the purpose of defense and unless a meritorious defense is presented.

Error from County Court, Haskell County; Omar M. Hudson, Judge.

Action by the Dobyns-Lantz Hardware Company against W. L. Stocker. Judgment for plaintiff, and defendant brings error. Affirmed.

Fred H. Fannin, for plaintiff in error.

Curry & Sigler, for defendant in error.

COCHRAN, J. This action was brought by the defendant in error to recover upon a promissory note executed by the plaintiff in error. The plaintiff in error contends that the defendant in error could not maintain an action to recover on the note because prior to the institution of the suit the defendant in error had executed a trust agreement to one W. I. Callaway, as trustee, which according to the terms of the agreement was entered as a mortgage for the purpose of securing certain indebtedness due the creditors of the defendant in error. The plaintiff in error contends that by reason of the execution and delivery of this instrument the collection of the note was entrusted entirely to the trustee designated in the agreement, and that the defendant in error, the payee in the note, could not maintain the suit. The defendant in error was a payee of the note and in possession thereof and was presumed to own the same and could thus bring an action to recover thereon. The action having been brought by the defendant in error, and it appearing that it had the possession of the note, it was a matter of no concern to the plaintiff in error as to the rights between the defendant in error and the trustee under the trust agreement as to any particular interest of the judgment, unless the plaintiff in error is thereby deprived of some equity which he may have against the payee. Waldock v. Winkler, 51 Okla. 485, 152 Pac. 99. Section 7721, Comp. Stat. 1921, provides:

"The holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument."

In Chaffee v. Shartel, 46 Okla. 199, 148 Pac. 686, the court said:

"An action by party holding legal title to a promissory note, notwithstanding there may be parties beneficially interested in said note, is properly brought in the name of the party holding the legal title to said note."

In Waldock v. Winkler, supra, the court said:

"The payee of a note who is in possession of it is presumed to own it, although his in-

dorsement thereon may not be canceled. He may sue upon the note and his title to it cannot be inquired into, unless it be necessary for the protection of the defendant or to let in the defense which he seeks to make."

The evidence of the trust agreement, therefore, did not prevent the payee of the note, who was in possession thereof, from recovering thereon, since no claim of any defense against the note was urged. In Schmidt v. Turnbuckle Oil Co., 88 Okla. 223, 212 Pac. 418, the court said:

"The general rule is that the title or interest of the holder of the note cannot be disputed or inquired into unless necessary for the purpose of defense, and unless a meritorious defense is presented."

It is next contended that the trial court erred in permitting the defendant in error to prove that the trustee had never taken charge of any of the liabilities covered by the trust agreement. By reason of our conclusion that the plaintiff in error was not entitled to inquire into the title of the defendant in error, the ruling of the trial court in admitting this testimony is immaterial. The judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.