In re Estate of George J. Schmitt, Deceased.
The Peoples Trust and Savings Bank of Chicago, Appellee, v. Victor T. Schmitt and Charlotte W. Schmitt, Executors of the Estate of George J. Schmitt, Appellants.

Gen. No. 38,872.

Opinion filed January 27, 1937. Rehearing denied February 16, 1937.

JAMES A. PETERSON, of Chicago, for appellants.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for appellee; DAVID F. ROSENTHAL and FRANK D. MAYER, both of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order entered in the circuit court, against defendants as executors of the estate of George J. Schmitt deceased, allowing the claim of the Peoples Trust and Savings Bank of Chicago for the sum of $115,325.25.

The facts before us show that a claim was filed by the plaintiff, the Peoples Trust and Savings Bank, in the probate court of Cook county against the estate of George J. Schmitt, deceased, based upon a guaranty signed by the deceased and 10 others for the payment at maturity of a $100,000 promissory note and interest executed by the Edgewater Presbyterian Church. The claim was allowed by the probate court and an appeal was taken to the circuit court where a judgment was entered allowing the claim against the said estate for the sum of $115,325.25, upon a finding by the court without a jury.

Plaintiff's exhibit 1 shows the signatures of the president, treasurer and secretary of the church organization and the indorsement of the Peoples Trust and Savings Bank of Chicago, trustee, certifying that it is the principal note described in a trust deed to the Peoples Trust and Savings Bank of Chicago, trustee, dated August 15, 1925, Register No. R 1075 and is signed by the secretary of the bank. On the back of the note appears the indorsement of the Edgewater Presbyterian Church, signed by its president, treasurer and secretary. The guaranty was signed by some 11 persons, one of them being the now deceased George J. Schmitt. There also appears on said document indorsement by Peoples Trust and Savings Bank, making the said note payable to Oscar Nelson, auditor of public accounts, Springfield, Illinois, or his successor in office, and also an indorsement by Oscar Nelson, auditor of public accounts, to pay to the order of the

plaintiff, the Peoples Trust and Savings Bank without recourse.

There is no question raised as to the validity, the signatures, or the amount of the indebtedness due on said note. The defendant contends, however, that at the time the claim was filed in the probate court the note was in the possession of Oscar Nelson, auditor of public accounts; that the plaintiff did not have a legal title to the note as the title to the same was in the auditor of public accounts. Defendant further contends that there was no proof of the indorsement from the auditor of public accounts back to the plaintiff; that even if that indorsement be taken as proved, it is ineffective because the note was not delivered into the possession of the plaintiff after that indorsement was made on the note so as to pass title; that at the time the claim was filed, and until the time of the trial in the circuit court, the note was in the possession of the auditor of public accounts and therefore the legal title remained in him; that plaintiff not having legal title, it was not entitled to sue.

Plaintiff contends that it owned the note; that although the note was in the possession of the State auditor of public accounts at the time the claim was filed and thereafter pledged as security as provided by the statute to secure the bank's trust department, the plaintiff had such title as would enable it to maintain an action on the note; that the note was indorsed by the State auditor to the plaintiff which transferred title to plaintiff, thus enabling plaintiff to sue on the note.

It appears from the evidence that the note in reality belonged to the Peoples Trust and Savings Bank, the plaintiff herein, and that in order to place security with the State auditor to secure the beneficiaries of the trusts in their trust department, as the statute provides, they used the note and trust deed as an asset

and deposited the same with the State auditor who, at that time, was Oscar Nelson.

Under the statute did the plaintiff by pledging the note with the auditor of public accounts deprive itself of the right to have the same proven in the probate court against the estate of George J. Schmitt, one of the guarantors? In what way are the defendants concerned as to the rights of the plaintiff as against others and in the beneficial interest in said note unless their defense is set-off, payment, etc.?

In the case of *Henderson v. Davisson,* 157 Ill. 379, 381, cited by counsel for defendant, Mr. Justice Phillips speaking for the court said:

"The note having matured and suit been instituted thereon, if a judgment is rendered no subsequent holder can thereafter maintain a recovery on the same. (*Middleton v. Griffith,* 31 Atl. Rep. N. J. 405.) It is a matter with which the defendant has no concern as to rights between the plaintiff and another in the beneficial interest in the judgment, unless his defense is set off, payment, etc. *Parks v. Brown,* 16 Ill. 454.

"Possession of the note is *prima facie* evidence of ownership, and a payee or endorsee in possession may recover, notwithstanding an endorsement of his name on the back thereof. (*Gillham v. State Bank,* 2 Scam. 245; *Laflin v. Sherman,* 28 Ill. 391; *Palmer v. Gardiner,* 77 id. 143; *Best v. Nokomis Nat. Bank,* 76 id. 608.) Notwithstanding the endorsement, the plaintiff, when the note again comes to his possession, may disregard the endorsement or strike it out. Its existence does not defeat a recovery. *Parks v. Brown,* 16 Ill. 454; *Richards v. Darst,* 51 id. 140; *Humphreyville v. Culver, Page, Hoyne & Co.,* 73 id. 485. . . ."

When the note herein was pledged with the auditor of public accounts, it seems to us that the only interest that the auditor of public accounts could have in the note was as pledgee to secure the creditors of the trust department of the Peoples Trust and Savings Bank.

It was not intended under the law that he should obtain any interest therein, other than for the purpose indicated. The statute providing for such deposits, being Ill. State Bar Stats. 1935, chapter 32, ¶ 350; Jones Ill. Stats. Ann. 135.25, provides among other things, as follows:

". . . The securities so deposited may be exchanged from time to time for other securities receivable as aforesaid and mortgages so deposited may be exchanged from time to time for bonds of the Home Owners Loan Corporation. . . ."

We think under the facts in this case, we are justified in assuming that when the State auditor forwarded the note in this case to the plaintiff, he was either permitting the plaintiff to withdraw the securities in exchange for others, or that he was actually releasing all interest in the note. Whatever the State auditor did or did not do in forwarding this note to the plaintiff, we do not think it was of any concern to the defendant. Whether the State auditor did or did not do his duty, it would not be a proper defense to be interposed by the defendant. The note in question was originally payable to bearer and although indorsed specially was still negotiable by delivery and the fact that it is in the possession of the plaintiff raises the presumption that the title was vested in it.

Chapter 98, ¶ 60, section 40, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 89.060, provides as follows:

"Where an instrument originally payable to or indorsed specifically to bearer is subsequently indorsed specially it may nevertheless be further negotiated by delivery; but the person indorsing specially is liable as indorser to only such holders as make title through his indorsement."

For the purposes of this suit indorsement thereon would not necessarily be controlling as the plaintiff would have the right to strike out and eliminate any indorsement which is not necessary to his title.

Chapter 98, ¶ 68, section 48, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 89.068, provides as follows:

"The owner may at any time strike out any indorsement which is not necessary to his title. The indorser whose indorsement is struck out, and all indorsers subsequent to him, are thereby relieved from liability on the instrument."

There being no affidavit denying the execution of the indorsement, defendant could not be heard to deny the same at time of trial and we think the testimony of plaintiff's witnesses and the admission of counsel was sufficient prima facie proof of such indorsement. Chapter 110, ¶ 163, section 35, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 104.035; *DeClerque v. Campbell*, 231 Ill. 442.

Whatever may be the rule at law regarding the recovery on negotiable instruments, the suit in this case was brought in the probate court and was in the nature of a statutory claim against the estate. In these circumstances the rule is different because the probate court in the matter of estates exercises equitable jurisdiction and has the power to adjudicate the rights of all the parties and in the exercise of equitable jurisdiction can enter such orders as will fully protect every one.

In the case of *Dixon v. Buell*, 21 Ill. 203, a claim was filed in the probate court by one Jeptha Dixon, who was the assignee of John Dixon, against the estate of the deceased tenant of John Dixon. At that time, under the common law, an assignee had no right to sue in his own name. The court on motion of defendant nonsuited the plaintiff and in reversing the judgment the Supreme Court held at page 204: "Now, even if this endorsement did not pass the legal interest in the rent to plaintiff in error, there can be no doubt that it passed the equitable right to him, to receive the

money when it became due, according to the terms of the contract.

"Then if the Probate Court has equitable jurisdiction in the allowance of claims against the estates of deceased persons, there was no error in instituting this proceeding in the name of plaintiff. This court held, in the case of *Moore v. Rogers,* 19 Ill. R. 349, that, 'the statute providing for the settlement of estates of deceased persons, empowers the County Court to adjudicate upon all "claims" presented for allowance, and provides the mode and time of exhibiting them for allowance; and although the words *claims, demands,* and *debts,* are used in the statute in apparently the same connection, we are satisfied that mere equitable money demands are within their meaning, and therefore, within the jurisdiction of the County Court.' The demand in the case under consideration was only a money demand, and it therefore follows that the County Court had jurisdiction of this case, if it were only an equitable assignment. And if it had such jurisdiction, no objection is perceived to that court adopting the forms of equitable proceedings, in so far at least, as to permit the claimant to proceed in his own name to obtain the allowance. Then, whether it was a legal or equitable assignment, it can make no difference, as in either case the plaintiff had a right to proceed in his own name in that court, . . ."

Regardless of whether or not Oscar Nelson, the former auditor of public accounts, indorsed the note to plaintiff, since the trial in the probate court and the hearing on appeal in the circuit court, the successor auditor of public accounts, Edward J. Barrett, placed a further indorsement on the note and thereby disclaimed and released any and all interest therein.

We do not think it is of importance when the indorsements were placed on the note so long as it is evident that it was the intention to convey to the plain-

tiff all the interest which the State auditor may have had. This is especially true in a proceeding in the probate court when exercising equitable jurisdiction. As was said in the case of *Kelly v. Galbraith,* 186 Ill. 593, at page 610: "Undoubtedly, the rule in actions at law is, that the right to judgment depends upon the facts as they exist at the commencement of the action, (*Bacon v. Schepflin,* 185 Ill. 122,) but such is not the rule in equity. The relief administered in equity is such as the nature of the case, and the facts as they exist at the close of the litigation, demand."

In the case of *McCall v. Lee,* 120 Ill. 261, a claim was filed in the county court by Thomas McKee, as administrator of the Estate of Kate H. Lee, against the estate of Catherine Dwire, deceased. In another action the Supreme Court intimated that the real party in interest was Henry R. Lee and not the administrator. Accordingly, leave was asked to amend the claim, substituting the name of appellee in place of said administrator. On page 269, the Supreme Court said:

"The county court, in considering claims against estates, is not limited to the technical legal rights of parties, but may act upon their equities."

In *Thomson v. Black,* 200 Ill. 465, a claim was filed against the estate of a deceased executor on his bond. The original claimant was Joseph M. Barker, administrator *de bonis non,* with the will annexed of the estate of James Reid, deceased. During the appeal to the Appellate Court from the circuit court Barker died and Black, the appellee, was appointed his successor and substituted for him. There was no defense on the merits to the claim on the bond, but it was insisted that the claim could not be filed in the name of the actual claimant but should have been filed and prosecuted in the name of the People of the State of Illinois for the use of the person injured. The Supreme Court held at pages 467-8: "The right of action at law is

vested solely in the person having the legal interest. A beneficial plaintiff or usee, whenever necessary for the assertion of his rights, may bring an action at law for his use and benefit, but he must bring it in the name of the one having the legal title and right to sue. The question here is whether that rule applies to a claim filed against an estate.

"The common law remedies against a party cease at his death, and the statutory remedies against his estate provided by the Administration act must then be pursued, so far as the probate court is concerned. The statute provides that every administrator or executor shall fix upon a term for the purpose of having claims adjusted. All demands of every nature are to be exhibited to the probate court for adjustment and to be classified and settled. The claimant is required to produce his claim in writing at the term fixed by the administrator or executor, or to file a copy of it with the clerk of the court afterward, within the time fixed by statute, but no regular pleadings are required. (*Thorp v. Goewey*, 85 Ill. 611.) The pleas filed in this case were not necessary or proper, and as the issues were not to be made up in that manner the circuit court was right in disregarding them. Claims not due may be allowed, and the proceeding bears no analogy to proceedings conducted according to the course of the common law. It was not intended by the legislature that claims should only be presented in technical legal forms, or that only those learned in the law and skilled in its practice should be able to present claims for settlement. The proceeding in the presentation and allowance of claims is not according to the common law practice, and there is no mode of preserving the evidence or exceptions or of making them a part of the record as in a suit at law. (*Blair v. Sennott*, 134 Ill. 78.) It is not governed by technical rules which apply to a formal suit at law. (*Scheel v. Eid-*

*man,* 68 Ill. 193.)   In allowance of claims against estates the probate court disregards mere matters of form and looks to the substance.   (*Wolf v. Beaird,* 123 Ill. 585.)   In a matter where equitable relief is required the court will adopt forms of equitable procedure, and in other cases will secure to parties the rights allowed to them by law, for the purpose of arriving at an adjustment of the claim.''

The defense to the note in this case appears to be highly technical.   Nothing appears from the record which denies the fact that this money is owing and that the said decedent during his life guaranteed the payment of the note and failed to carry out that guarantee and that, therefore, his estate is now liable for this debt.   Nothing is suggested in the way of a legal defense which is of merit and certainly nothing appears which would appeal to the equitable consideration of a court as to why the order of the circuit court should not stand.   The evidence abundantly shows that the debt is due and owing by decedents' estate and the trial court could equitably have entered no other order than it did.

For the reasons herein given the order of the circuit court allowing this claim against the estate of the said deceased George J. Schmitt is hereby affirmed.

*Order affirmed.*

HEBEL and HALL, JJ., concur.