GEORGE H. EHRICH, Conservator, Appellant, *vs.* EMMA
BRUNSHWILER *et al.* Appellees.

*Opinion filed October 26, 1909.*

1. FIDUCIARY RELATIONS—*as to administration of the estate, relation between administrator and widow is fiduciary.* As to the matter of administering the estate, the relation between the administrator and the widow is that of trustee and *cestui que trust* and is fiduciary in character; but that relation does not extend to all their transactions and affairs.

2. SAME—*whether fiduciary relation exists outside of legal relation is a question of fact.* Whether a fiduciary relation exists between an administrator and the widow outside of the legal relation existing because of the administration is a question of fact, which depends not upon the technical relation of trustee and *cestui que trust,* but upon confidence reposed on one side and resulting influence and superiority on the other.

3. SAME—*relief will be granted where confidence has been reposed and betrayed.* Where confidence has been reposed by one party and resulting influence has been acquired by the other, equity will grant relief upon proper averments and proof showing that such confidence has been betrayed and such influence abused.

4. SAME—*when deed cannot be canceled without proof of actual influence by the administrator.* A deed made by the widow to her sister, who was the wife of the administrator appointed upon the widow's refusal to act as executor of her husband's will, should not be set aside because of the technical relation of trustee and *cestui que trust* existing between the grantor and the husband of the grantee, but only upon proper averments and proof showing actual influence by him in procuring the deed.

5. APPEALS AND ERRORS—*chancellor's findings of fact from oral testimony will stand unless clearly wrong.* Where all the evidence in a proceeding to cancel a deed for alleged want of mental capacity is heard in open court, including the testimony of the grantor herself, the finding of the chancellor as to the facts will not be disturbed, on appeal, unless clearly wrong.

6. The court reviews the evidence in this case, and holds that it fails to show the grantor in the deed sought to be set aside was without sufficient capacity to make the deed.

APPEAL from the Circuit Court of Kankakee county; the Hon. FRANK L. HOOPER, Judge, presiding.

J. Bert. Miller, for appellant:

There is a well defined distinction between undue influence arising from acts which the law deems fraudulent, and undue influence resulting from fiduciary relations existing between the parties. Transactions between persons in a confidential relation are presumed, on the grounds of public policy, to be the result of undue influence. A confidential relation exists, and relief will be granted in all cases in which influence has been acquired and abused,—in which confidence has been reposed and betrayed. *Thomas* v. *Whitney,* 186 Ill. 225.

This principle extends to every possible case in which a fiduciary relation exists in fact, in which there is confidence reposed on one side and the resulting superiority and influence on the other. The relation, and the duties involved in it, need not be legal; it may be moral, social, domestic, or only personal. *Roby* v. *Colehour,* 135 Ill. 300.

In order to sustain the deed the burden was upon the Brunshwilers to show that the execution of the deed was the result of free deliberation on the part of the grantor and the deliberate exercise of her judgment, and not of imposition or wrong practiced by Brunshwiler for his wife's use. *Weston* v. *Teufel,* 213 Ill. 291; *Purdy* v. *Hall,* 134 id. 298.

Where a person enfeebled in mind is so placed as likely to be subjected to the influence of another and makes a voluntary disposition of property in favor of that person, the court requires proof of the fact that the donor understood the nature of the act and that it was not done through the influence of the donee. *Sands* v. *Sands,* 112 Ill. 225; *Dorsey* v. *Wolcott,* 173 id. 539.

Direct proof that undue influence was used is unnecessary where its exercise may be inferred. 13 Cyc. 595; *Sears* v. *Shafer,* 6 N. Y. 268.

Trustees, executors, administrators, guardians, and others sustaining fiduciary and confidential relations, can

not deal on their own account with the thing or persons falling within that trust or relationship, because in all these cases there is a trust and confidence reposed which would bring in conflict the interest of a trustee and the *cestui que trust.* *Thorp* v. *McCullum,* 1 Gilm. 614; *Miles* v. *Wheeler,* 43 Ill. 123; *Kruse* v. *Steffens,* 47 id. 112; *Ebelmesser* v. *Ebelmesser,* 99 id. 541; *Mason* v. *Odum,* 210 id. 471; *Mc-Creedy* v. *Mier,* 64 id. 495; *Whitlock* v. *McClusky,* 91 id. 582.

The policy of the law which prohibits a person occupying a fiduciary relation from acquiring trust property, equally forbids the acquiring of such property by the wife of the trustee. This is the rule not so much for the reason that she may subsequently become entitled to some interest in his lands, as on account of the unity which exists between them in the marriage relation. *Lagger* v. *Building Ass.* 146 Ill. 283; *Tyler* v. *Sanborn,* 128 id. 136.

W. R. HUNTER, and D. P. CLEGHORN, for appellees:

Even in the case of a deed of bargain and sale, where the grantor is required by law to have a greater degree of mental capacity than in the case of making a will, if the grantor understands the nature of the business in which he is engaged and the effect of what he is doing, and can exercise his will with reference thereto, his act will be valid. *Martin* v. *Harsh,* 231 Ill. 384.

To justify a court of equity to set aside a deed for want of mental capacity it must appear that the grantor did not have sufficient mind and memory to comprehend the nature and character of the transaction in which he was engaged. *Sears* v. *Vaughn,* 230 Ill. 572; *Beaty* v. *Hood,* 229 id. 562.

The burden is upon a complainant who seeks to set aside an executed deed for want of mental capacity or for the exercise of undue influence, to prove the allegations of his bill by a preponderance of the evidence. *Francis* v. *Wilkinson,* 147 Ill. 370.

There is no element of undue influence in this record, and the fact that appellees assisted the grantor in her affliction and looked after her business and her person when she had been deserted by all her other relatives does not constitute undue influence. *Bishop* v. *Hilliard,* 227 Ill. 382.

Where a cause is heard by a chancellor and the evidence is all or partly oral, it must appear that there is clear and palpable error before a reversal will be had. *Biggerstaff* v. *Biggerstaff,* 180 Ill. 407.

Mr. JUSTICE DUNN delivered the opinion of the court:

Henry Hertzberg died in September, 1907, having devised to his wife, Minnie Hertzberg, all his property, including the two-story building in which they resided and on the first floor of which Henry Hertzberg kept a saloon. On December 16, 1907, Mrs. Hertzberg conveyed these premises to her sister, Emma Brunshwiler, reserving a life estate to herself. In February, 1908, she filed a bill to set aside this conveyance. On March 5 a conservator was appointed for her, who was substituted as complainant. After a hearing upon the pleadings and evidence in open court the bill was dismissed for want of equity. The complainant has appealed.

The reasons alleged in the bill for the cancellation of the deed are, that Mrs. Hertzberg did not execute it, and that she was of unsound mind and incapable of executing it at the time it purports to have been executed. It is not, however, now claimed by appellant that she did not execute the deed.

The witnesses who testified for the complainant were, besides Minnie Hertzberg herself, three physicians. Dr. Smith was the physician attending her husband during his last illness and visited her four or five times after her husband's death, the last visit being September 19. He testified that she worried, fretted and sat up a good deal during her husband's sickness and completely collapsed when he

died, and that then, and for two weeks before, he did not think she was in any condition to transact any business. Dr. Gagnon was on the commission that examined Mrs. Hertzberg at the time the conservator was appointed and examined her by asking her questions. He testified that her mental condition at that time was bordering on feeble-minded, and that in his judgment she was not capable of transacting the ordinary business affairs of life knowingly. Dr. Badger testified that he attended Mrs. Hertzberg from about November 7 to the middle of December; that her mental condition was very poor, and that he did not consider her capable of making a deed during the time he saw her in December.

A. L. Granger, a lawyer who prepared a will for her after her husband's death, in her presence and under her direction, by which she devised all her property to Mrs. Brunshwiler; Joseph I. Granger, also a lawyer, who prepared the deed in controversy and as a notary public took the acknowledgment of it; Louie Beckman, who leased from Mrs. Hertzberg the first floor of the building in controversy; William Sanders, who witnessed the execution of the will written by A. L. Granger, and F. A. Schugmann, who saw Mrs. Hertzberg once or twice a week for two or three months after Mr. Hertzberg's death, all testified to the ability of Mrs. Hertzberg to understand business and to facts showing her capacity to transact business and her soundness of mind. The testimony of Dr. Smith and of Dr. Gagnon only had a very remote tendency to show mental incapacity on December 16, 1907. Mrs. Hertzberg was herself before the court and testified, all the evidence was heard in open court, and under such circumstances the finding of the chancellor will not be disturbed unless clearly wrong. We regard the finding here as in accordance with the weight of the evidence, without any regard to the testimony of Mr. and Mrs. Brunshwiler and their son and daughter, all of whom were witnesses on the hearing.

Mrs. Hertzberg was named in her husband's will as executrix but declined to act, and upon her petition Felix Brunshwiler, the husband of the grantee in the deed, was appointed administrator with the will annexed. Though no such claim is made in the bill, appellant's counsel has argued at some length that a fiduciary relation existed between Mrs. Hertzberg and the administrator, and that by reason thereof undue influence on his part would be presumed in procuring the conveyance to his wife. While it is true that as to the administration of the estate of Henry Hertzberg the relation of Felix Brunshwiler and Mrs. Hertzberg was that of trustee and *cestui que trust* and was therefore fiduciary in character, that relation did not extend to all the affairs of their lives. Whether any fiduciary relation existed outside the legal relation existing because of the administration was a question of fact to be determined from the evidence. Such relation depends, not upon the technical relation of trustee and *cestui que trust*, but upon the confidence reposed on one side and resulting influence and superiority on the other. Relief will always be granted where such confidence has been reposed and betrayed and such influence has been acquired and abused. (*Walker* v. *Shepard*, 210 Ill. 100; *Thomas* v. *Whitney*, 186 id. 225.) The evidence does not make such a case. There is no evidence of any actual influence in procuring the execution of the deed, which seems to have been the result of Mrs. Hertzberg's own desire, and there is neither allegation nor proof from which the court would be justified in decreeing a cancellation of the deed because of the existence of any fiduciary relation between the parties.

The decree of the circuit court will be affirmed.

*Decree affirmed.*