566

Estate of Arthur S. Jackson, Deceased. Florence M. Jackson, Appellant, v. Lou B. Jackson, Executrix of Estate of Arthur S. Jackson, Deceased, Appellee.

Gen No. 40,485.

Opinion filed June 21, 1939. Rehearing denied July 3, 1939.

NASH, AHERN, McDERMOTT, McNALLY & KILEY and MAXWELL L. RUBIN, all of Chicago, for appellant.

WINSTON, STRAWN & SHAW, of Chicago, for appellee; JOHN C. SLADE and FRANK B. GILMER, both of Chicago, of counsel.

Mr. Presiding Justice Denis E. Sullivan delivered the opinion of the court. /

On November 1, 1934, Florence M. Jackson, plaintiff herein, filed her claim in the estate of Arthur S. Jackson, deceased, in the probate court of Cook county for the sum of $100,000 and interest. Thereafter, on June 10, 1935, her amended claim was filed which claim was denied by the probate court. An appeal was taken to the circuit court of Cook county which also denied the claim and it is from that order an appeal is perfected to this court.

The amended claim of plaintiff was based upon the so-called gift *inter vivos* of $100,000 by her husband Howard B. Jackson, who died on January 19, 1923.

Plaintiff alleges that the gift of $100,000 from her husband was made by the transfer to her credit on the books of Jackson Bros. & Co. from her husband's account; that this was done prior to his death and that her husband Howard B. Jackson had been a partner in said firm; that at no time did she receive payment of said sum nor did she at any time authorize or direct a transfer of said sum to any person; that Arthur S. Jackson was the surviving partner in said firm and that he died, on September 28, 1933.

No pleadings other than the claim and the amended claim of the plaintiff were filed. The amended claim in substance alleges that the $100,000 claimed by her was a gift *inter vivos* from her husband, Howard B. Jackson, and was "*to be paid to her by said Arthur S. Jackson upon the death of said Howard B. Jackson* which occurred on January 19, 1923."

The cause was heard upon the amended claim, and the answer of Lou B. Jackson, executrix of the estate of Arthur S. Jackson.

Plaintiff's theory of the case is that her husband, Howard B. Jackson, a partner of the firm of Jackson Bros. & Co. grain and stock brokers, during his lifetime gave her $100,000; that the gift to her was evidenced by the transfer of credits upon the books and

records of Jackson Bros. & Co. from her husband's account to the credit of plaintiff, Florence M. Jackson; that at no time did she receive payment of said sum of $100,000, nor did she at any time ever authorize or direct a transfer of said sum of $100,000 to any person, and that Arthur S. Jackson, against whose estate she filed her claim, was liable for the payment of said sum of money to her, Arthur being a surviving partner of the firm of Jackson Bros. & Co.

Plaintiff further contends that she discovered the cause of action in her favor against Arthur S. Jackson in the latter part of the year 1933, or the early part of 1934; that the cause of action had been fraudulently concealed from her until that date, and that, therefore, the statute of limitations did not begin to run until the date of the discovery of the cause of action by her.

Defendant does not set forth her theory of the defense, as provided by rule of court. Appellant stated that defendant's theory is that there never was a gift of $100,000 to plaintiff, and even if there had been a gift the statute of limitations bars recovery by plaintiff.

The evidence adduced in this case tends to show that Howard B. Jackson and Arthur S. Jackson were partners in a brokerage firm under the name of Jackson Bros. & Co. of which Howard B. Jackson was the senior partner; that Howard B. Jackson died January 19, 1923 and that Arthur S. Jackson died September 28, 1933; that entries on the books purported to show various bookkeeping transfers of credit for $100,000 from Howard B. Jackson to the name of his wife, the plaintiff herein.

The evidence further shows that these so-called transfers were all bookkeeping entries and there is no testimony, so far as we can discover, by which the actual money was transferred to or given to Mrs. Jackson, nor is there any evidence of any transfer having been had between Mrs. Jackson and anyone else, by which the right of action accrued, or by which the pur-

ported bookkeeping entries would be a recitation. In other words, how did the cause of action arise by which the estate of Arthur S. Jackson should be charged with $100,000 and the same given to Florence M. Jackson? Apparently, from the record before us, the claimant here did not know that her husband had given her $100,000.

It further appears from the evidence that Howard B. Jackson who, it is claimed made the gift to his wife prior to his death, died on January 19, 1923. Arthur S. Jackson, the decedent herein was also a partner of Jackson Bros. & Co. from and after the year 1915. The partnership agreement in force at the date of Howard B. Jackson's death was dated July 31, 1920, and the members of the firm at that time consisted of Frank G. Jackson, Edward E. O'Neill, James E. Cairns and Edward Hymers, in addition to Howard B. Jackson and Arthur S. Jackson.

It further appears from the evidence that Howard B. Jackson left a last will and testament which was duly admitted to probate in the probate court of Cook county, Illinois on February 1, 1923. By that will he devised and bequeathed his entire estate (with the exception of his interest in the furniture, fixtures, trade name and good will of the partnership, which he bequeathed to Arthur S. Jackson) to Harris Trust & Savings Bank, *in trust,* to pay the entire income therefrom to his wife, Florence M. Jackson, during her lifetime, if she should survive him, and after her death to his brother, Frank G. Jackson, provided he should survive said Florence M. Jackson. Upon the death of both of these life beneficiaries, the trust was to terminate and the principal thereof was to be transferred to Arthur S. Jackson, if then living, and if not, then to his lawful heirs. The will nominated plaintiff Florence M. Jackson and Arthur S. Jackson as executors, or the survivor of them as sole executor, of the will. Both

of them duly qualified as such executors and letters testamentary were issued to them on February 1, 1923.

This will of Howard B. Jackson, plaintiff's husband, was dated as being executed on July 1, 1922. The significance of this date of execution is that the credit of $100,000, which had previous to that time been credited to the account in the name of Florence M. Jackson on the books of the firm, actually stood at that time to the credit of Howard B. Jackson, the testator, in his capital account on said books to which it had been restored on February 8, 1922, and made his capital account $200,000. It remained at that figure thereafter until his death.

On January 19, 1924, the surviving partners of Howard B. Jackson filed their partnership inventory in the probate court of Cook county, which was on that date approved in open court by the then probate judge. The inventory was prepared in accordance with the specific directions given in Howard B. Jackson's will for determining the net value of his interest in the capital and assets of the partnership at the date of his death. This inventory showed that net value to be $356,553.27, composed of the following items:

Capital investment..........................$200,000.00;
Personal account........................ 120,780.33;
Share of earnings to close of business on
 January 19, 1923.................... 35,772.95.

That total amount was thereafter paid by said surviving partners, with interest as directed in the will to Arthur S. Jackson and Florence M. Jackson, as executors. Payment was completed on January 21, 1924.

These facts and figures are important in view of the fact that in order to account for the delay in filing her claim plaintiff alleges in her brief that the cause of action was fraudulently concealed.

The evidence discloses that the account on the books of Jackson Bros. & Co. showed that at one time, between 1915 and 1922, various items of credit placed

upon the books of said company aggregated $100,000; that for several years $6,000 a year had been paid to plaintiff, Mrs. Florence Jackson, said sum it is claimed represented interest on the $100,000, but no evidence appears in the record as to who paid the so-called interest or why; that at the time this entry appeared on the books Mrs. Jackson did not know of the transfer of any money to her credit.

Much contradictory evidence was offered in this case but in view of the fact that it was not heard before a jury, we shall accept the ruling of the court on the admission of evidence as having worked no prejudice to either contestant herein and under the law the court is presumed to have considered only such evidence as was competent.

The principal contention of plaintiff is that this was a gift *inter vivos* from husband to wife, and that the transfer of property by a husband to his wife is presumed to be a gift and that the power of the husband to repossess himself of the gift does not rebut the presumption.

It is contended by defendant that there was a complete failure on the part of plaintiff to prove that Howard B. Jackson made the alleged *inter vivos* gift of $100,000 to the plaintiff; that the evidence did not establish that the decedent, Arthur S. Jackson, ever became obligated to pay said sum of $100,000 to plaintiff upon the death of plaintiff's said husband, Howard B. Jackson, or at any other time; that if plaintiff ever had a cause of action against Arthur S. Jackson for the recovery of $100,000, claimed to have been given to her by Howard B. Jackson, that cause of action was barred by the statute of limitations prior to the death of Arthur S. Jackson.

As to the gift *inter vivos,* we do not think the proof shows that a gift was intended or that it was made to his wife by Howard B. Jackson.

The evidence shows that Howard B. Jackson in his lifetime caused an entry to be made on the books, showing that the plaintiff was credited with that amount and also that she received $6,000 a year. Later, and before his death, he caused said sum to be changed and the credit eliminated on the books. No evidence of the gift or delivery of the money itself was submitted.

The rule as to a gift *inter vivos* provides that it must be shown that the giving by one person and the receiving by another is a mutual action; that one party receives it and the other one parts with possession, with no power on the part of the donor to repossess himself of the gift, which must take place at the time of the giving, and not at some future date.

As was said in the case of *Suchy v. Hajicek*, 364 Ill. 502, at p. 511: "It is essential to a gift *inter vivos* that it be absolute and irrevocable, that the donor part with all present and future dominion and control over the property, that the gift go into effect at once and not at some future time, and that there be a delivery to the donee and such a change of possession as puts it out of the power of the donor to repossess himself of the property. (*People v. Csontos*, 275 Ill. 402.)" *Telford v. Patton*, 144 Ill. 611; *Millard v. Millard*, 221 Ill. 86.

It seems to us that even if Arthur S. Jackson was ever liable, as contended by plaintiff, to pay her the $100,000 in question, such claim would be barred by the statute of limitations. The date of Howard B. Jackson's death was January 19, 1923, and if such cause of action existed, it must have commenced at that time. Whether the cause of action arose on December 31, 1915, at the time of the first entry on the books of credit to plaintiff, or on January 19, 1923, the date of the death of Howard B. Jackson, is not made plain, but assuming the more favorable date to be the correct one, namely, January 19, 1923, it would appear that if suit had been brought during the lifetime of Arthur S. Jackson on such an implied contract, the five-year statute

of limitations (Ill. Rev. Stat. 1937, ch. 83 ¶ 16, § 15 [Jones Ill. Stats. Ann. 107.275]) would apply, and the statute would have barred this suit prior to the death of Arthur S. Jackson which occurred on September 28, 1933.

It is contended by plaintiff that this defense cannot be considered because a written pleading setting up the statute of limitations was not filed. We do not think this was necessary.

In the case of *Thorp v. Goewey,* 85 Ill. 611 at p. 613, the court said: "The statute does not require written pleadings where a claim is presented for allowance in the county court, and if an appeal is taken from the judgment of the county court, in the circuit court the trial is *de novo.* No written pleadings were, therefore, necessary or required to a proper disposition of the case." See also *Thomson v. Black,* 200 Ill. 465; *In re Estate of Schmitt,* 288 Ill. App. 250.

It is contended on behalf of plaintiff, evidently in order to avoid the running of the statute, that there was a fraudulent concealment of the cause of action by Arthur S. Jackson. We do not think the evidence justifies this position. The plaintiff was an executor of Howard B. Jackson's estate. The property was turned over to her and the coexecutor, Arthur S. Jackson, and while the record is not complete in that regard, we assume that in the probate of the estate of Howard B. Jackson, the executors performed their duties, made their reports and were duly discharged. In that event the plaintiff must have known all the conditions relative to the Howard B. Jackson estate, his book accounts, papers, etc. We do not think any fraudulent concealment is shown. *Lancaster v. Springer,* 239 Ill. 472; *Bartelott v. International Bank,* 119 Ill. 259.

It is contended by plaintiff that there was a fiduciary or confidential relationship between Arthur S. Jackson and plaintiff concerning the subject matter of this claim. As we have heretofore stated, we do not see

where the cause of action arose at any time, and the claim that it is based on a fiduciary or confidential relationship is not justified by the evidence. *Ehrich v. Brunshwiler*, 241 Ill. 592; *Higgins v. Chicago Title & Trust Co.*, 312 Ill. 11.

From a careful review of this evidence, we do not believe the plaintiff had a cause of action against Arthur S. Jackson or his estate. We might add that even though plaintiff had such a cause of action it would have been barred by the statute of limitations before the death of Arthur S. Jackson.

For the reasons herein given we are of the opinion that the findings of the probate court and the circuit court were correct and for that reason the judgment of the circuit court appealed from is hereby affirmed.

*Order affirmed.*

HEBEL and BURKE, JJ., concur.